Joe Maurice ARMENTROUT, Appellant,

v.

John and Joann E. MURDOCK, Appellees.

No. 01–88–00423–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 12, 1989.

Rehearing Denied Nov. 9, 1989.

Paul S. Jacobs, Barnhart, Mallia & Cochran, Houston, for appellant.

Philip E. Hosey, Hosey, Presnall, Hosey & Feiglein, Houston, for appellees.

Before EVANS, C.J., and MIRABAL and DUNN, JJ.

OPINION

MIRABAL, Justice.

This is an appeal from a dismissal for want of prosecution.

In six points of error, appellant, Joe Maurice Armentrout, contends that the trial court erred in dismissing the case, and in overruling appellant's motion to reinstate.

■ The appellate standard of review of a dismissal for want of prosecution or the overruling of a motion to reinstate is whether there has been a clear abuse of discretion by the trial court. *Moore v. Armour & Co.*, 748 S.W.2d 327, 329 (Tex. App.—Amarillo 1988, no writ); *Speck v. Ford Motor Co.*, 709 S.W.2d 273, 276 (Tex. App.—Houston [14th Dist.] 1986, no writ).

The Galveston County local rules of the district courts, as amended effective February 1, 1984, provide for an annual "Drop Docket" as follows:

Rule VI—Drop Docket

a) Civil causes which have been on file over two (2) years, which are not set for trial will be placed on the Drop Docket by the Court in which the cause pends.

b) When a cause has been placed on the Drop Docket the Court will send notice to the last known address of counsel for all parties as shown in the records of said cause, and to the last known address of any party who is unrepresented. A copy of such notice shall be filed with the papers of the cause with notation thereon made by the District Clerk showing the name and address of all counsel or parties to whom notice was mailed and the date of mailing.

120

c) Unless a written motion to retain said cause has been filed and heard prior to the expiration of thirty (30) days after the mailing by the Court of such notice, such cause shall be dismissed for want of prosecution.

d) A motion to retain a cause will be set for hearing by the Court upon the Movant's request. Movant shall notify all opposing counsel, and any unrepresented party, of such hearing, giving at least three (3) days notice.

e) An order retaining said cause on the active docket shall, unless good cause be shown for not doing so, set the cause for trial on the merits on a day certain.

f) Any cause dismissed for want of prosecution may be reinstated by complying with the provisions of Rule 165a of the Texas Rules of Civil Procedure.

On May 11, 1984, appellant brought suit to recover damages sustained from a fire at his place of business, which he rented from appellees, John and Joann E. Murdock. The parties engaged in pretrial discovery, including the taking of three depositions, and responding to interrogatories, requests for production and requests for admissions. Appellees filed a counterclaim.

In July 1986, counsel for appellant moved their offices, and sometime thereafter they gave notice to the court clerk of their change of address.

On March 2, 1987, the Galveston County district clerk mailed a notice of drop docket to counsel for both parties. On March 9, 1987, appellant filed a motion to retain, and a trial setting request for the week of May 11, 1987. On April 8, 1987, after a hearing, the trial court retained the case.

On April 29, 1987, appellant filed a second trial setting request, designating the week of June 15, 1987. The court's docket sheet states that appellant failed to make an announcement at the docket call on May 15, 1987, prompting the court to remove the case from the active docket for four months, as authorized by the local rules.

On August 5, 1987, appellant filed a third trial setting request, designating the week of October 5, 1987. The court's docket sheet states that no announcement was made at docket call on September 18, 1987.

On December 11, 1987, appellant filed a fourth trial setting request, designating the week of March 14, 1988. The court's docket sheet states that appellant failed to make an announcement at docket call on February 12, 1988, again prompting the court to remove the case from the active docket for the next four months. On February 15, 1988, appellees filed a motion for summary judgment. On February 16, 1988, appellant filed a motion to retain and reinstate the case on the active trial docket. On February 17, 1988, the trial court reinstated the case on the active trial docket. The court's notation on the docket sheet states that the case was reinstated by agreement. On February 18, 1988, appellant filed a fifth trial setting request for the week of May 16, 1988.

On February 22, 1988, the Galveston County district clerk mailed to counsel for each of the parties a notice that the case had been placed on the annual drop docket. On February 25, 1988, appellant filed his motion to retain, stating that the parties had agreed to the May 16, 1988 trial setting, and requesting a preferential trial setting for May 16, 1988. On March 18, 1988, appellant filed his response to appellees' motion for summary judgment, and a first amended petition.

On March 29, 1988, upon appellant's failure to appear at the hearing on his motion to retain, the trial court dismissed the case for want of prosecution. On April 15, 1988, appellant filed a motion to reinstate. On May 2, 1988, after a hearing, the trial court denied appellant's motion to reinstate. Appellant perfected this appeal.

In his first point of error, appellant contends that the trial court's dismissal of the case for want of prosecution violated Tex. R.Civ.P. 165a.

In his fifth point of error, appellant asserts that the trial court abused its discretion by dismissing the case when appellant had announced ready, requested a final setting and stood ready to go to trial.

Rule 165a(1) provides that the trial court may dismiss a case for want of prosecution "on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice." Appellant points out that Rule 165a was amended effective January 1, 1976 to delete the words "or docket call" after the word "trial." Appellant relies on *Degen v. General Coatings, Inc.*, 705 S.W.2d 734, 735 (Tex. App.—Houston [14th Dist.] 1986, no writ), where the court, after discussing the 1976 amendment to Rule 165a, held that a suit cannot be dismissed for failure to appear at a docket call.

Appellees argue that the trial court did not dismiss the case solely because appellant failed to appear at the three docket calls, but also because appellant failed to appear at the hearing on his motion to retain on March 29, 1988, even though appellant had proper notice of the hearing.

A trial court has the authority to dismiss a case for want of prosecution pursuant to its inherent powers, as well as under Rule 165a. *Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex.1976). In exercising its discretion in a case such as this, the trial court may consider the entire history of the cause. *Moore*, 748 S.W.2d at 329. In *Southern Pac. Transp. Co. v. Stoot*, 530 S.W.2d 930 (Tex.1975), where the Texas Supreme Court upheld the Galveston County drop docket procedure and the decision of the trial court to dismiss for want of prosecution, an explanation of the drop docket procedure was given as follows:

Delay haunts the administration of justice. It postpones the rectification of wrong and the vindication of the unjustly accused. It crowds the dockets of the courts, increasing the costs for all litigants, pressuring judges to take short cuts, interfering with the prompt and deliberate disposition of those causes in which all parties are diligent and prepared for trial, and overhanging the entire process with the pall of disorganization and insolubility. But even these are not the worst of what delay does. The most erratic gear in the justice machinery is at the place of fact finding, and possibilities for error multiply rapidly as time elapses between the original fact and its judicial determination. If the facts are not fully and accurately determined, then the wisest judge cannot distinguish between merit and demerit. If we do not get the facts right, there is little chance for the judgment to be right.

\*     \*     \*     \*     \*     \*

The district judges of Galveston County recognized this problem, took responsibility for the condition of their dockets, and moved against the troubles of delay. They required all parties seeking affirmative relief to see that their cases were set for trial within a certain period of time. They provided a full opportunity for explanation to be made in those cases where there was cause for the delay.

\*     \*     \*     \*     \*     \*

Here the trial court has taken a reasonable and effective step to enforce the duty of diligence required of parties who seek relief in that court. The rules give notice to all who practice in the trial courts of Galveston County that all parties will be required to see to the disposition of their cases within the time stated or suffer dismissal. The counsel for plaintiff Stoot made no showing of good cause for his failure to meet the requirements of the rules of that court.

530 S.W.2d at 931–932.

Appellant does not complain that he did not receive advance notice of the setting of the March 29, 1988 hearing on his motion to retain; it is uncontroverted that appellant failed to appear at the hearing. The record is void of any explanation for the absence of appellant and his attorney from the hearing.

The trial court's March 29, 1988 order states:

On this day at the call of the Jury Drop Docket, good cause not having been shown why this cause should be retained, it is hereby dismissed for Want of Prosecution.

This case was dismissed by the trial court four years and eight months after

the occurrence that is the subject of appellant's lawsuit, and almost four years after the litigation was instituted. As in the *Stoot* case, the passage of that much time may well present substantial impediments to the full and fair determination of the relevant facts.

We find that, under the circumstances here involved, the trial court did not abuse its discretion in dismissing appellant's case for want of prosecution.

We overrule appellant's points of error one and five.

In points of error two, three, and four, appellant complains that the trial court erred in denying his motion to reinstate the case because appellant's attorneys did not receive fair and adequate notice, and his attorneys' failure to appear at the docket calls was not intentional or the result of conscious indifference, but was due to accident or mistake. In point of error six, appellant complains that the trial court abused its discretion by refusing to reinstate the case.

At the May 2, 1988 hearing on appellant's motion to reinstate, two attorneys and one paralegal, who had done work on appellant's case, testified to the effect that: appellant's lawyers moved their law offices to a new address in June 1986; they received a notice of the first docket call from the Galveston County clerk at their new office in the mail, and thereafter did not receive any others; when subsequent requests for trial settings were filed by appellant's attorneys, even though the court clerk assured them they would receive docket call notices in the mail, they did not; thus, they did not appear at three docket calls because they had no notice.

■ Appellant argues that, under the circumstances, the trial court should have reinstated the case on the docket under Rule 165a(3) which provides in part:

> The Court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.

However, this cause was not dismissed by authority of Rule 165a, which authorizes a dismissal "for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice." Tex.R.Civ.P. 165a(1). Rather, it was dismissed under the court's inherent power to dismiss a cause for failure to prosecute it with due diligence, as well as pursuant to the authority granted by the Galveston County local rules. *See Veterans' Land Bd.*, 543 S.W.2d at 90. Yet, even under the reinstatement procedures of rule 165a(3), it was within the trial court's discretion not to find from the record the facts requiring reinstatement under the rule. *Moore*, 748 S.W.2d at 331.

Rule III of the Galveston County local rules of district courts sets out the procedure for setting civil jury cases for trial. A party files a written request for a trial setting during a week certain; the assignment clerk compiles a civil jury calendar, listing, in numerical order, the cases requested to be set during a three-week period; copies of the lists are posted on the district clerk's bulletin board "on or before the first Tuesday following the last day for requesting settings"; the presiding judge then "sounds the docket from the lists on the second Friday following the posting of the lists, at 10:30 A.M."; counsel in all cases are "charged with the responsibility of making announcements at each call of the docket in person or through associate counsel"; if no announcement is made for a case on the lists, such case may be removed from the active docket, preventing it from again being placed on the civil jury calendar for four months; after the sounding of the docket, a list is compiled of cases finally set for trial, and copies of the lists are posted on the district clerk's bulletin board.

The local rules give notice to all who practice in the trial courts of Galveston County about the procedure to be followed to get a case to trial. Appellant's attorneys had a copy of the local rules at their office.

We note that appellant's attorneys, who have offices in Houston, did not comply with Tex.R.Civ.P. 246, which requires the court clerk to inform any non-resident attorney of the date of a trial setting of any case "upon request by mail from such attorney, accompanied by a return envelope properly addressed and stamped." Appellant's attorneys admit that they did not provide the Galveston County clerk with a stamped, self-addressed envelope for the purpose of sending to them the trial dockets for the relevant months.

At the hearing on appellant's motion to reinstate, the trial court made the following comments from the bench:

THE COURT: All right. The docket sheet in this case shows that this case was filed on May 11, 1984. Apparently a Motion for Production of an Expert Witness was set for August 22, 1986. That appears to be the first thing that was done insofar as the docket sheet shows. Two years elapsed before anything was done which is noted on the docket sheet. On March 10, 1987, a Motion to Retain was set. At that hearing, the case was retained on the active docket.

On April 8, 1987, a jury fee was paid and the case was placed on the jury docket and it was apparently set for trial.

Docket calls are plainly set forth in the Local Rules as to the times that docket calls are held.

Docket entries show that on May 15, no announcement had been made at docket call and the case had been removed from the active docket for four consecutive months.

On September 18th, it was set for trial and no announcement was made at that docket call. On February 12, 1988, it apparently was set again and no announcement was made. The case was removed again from the active docket for the next four months.

There is a notation on one of the docket entries made by Judge Lerner that a Notice of Summary Judgment was being set then for February 17.

A notice of Plaintiff's Motion to Retain and Reinstate was set for February 17.

The docket entry indicates that an agreement was made to reinstate the case on the trial docket. That was by Judge Lerner.

I must assume that it was put back on the docket to get around the prohibition of putting it off of the docket for the next four consecutive months because no announcement was made at the docket call on February 12, 1988.

Then apparently notice of drop docket was received because a Motion to Retain the case was filed on March 7, 1988, at 9:30 A.M. Apparently no one appeared at that hearing and it was dismissed for want of prosecution on March 29, 1988.

A Motion to Reinstate was filed on April 19, 1988, and then that setting here for April 26. And that hearing was reset for today.

DEFENSE COUNSEL: Your Honor, if I may?

THE COURT: No, sir. I have heard from you. To me, this shows a complete lack of prosecution of this case. If you didn't receive a list of the cases that were set, it was probably because you moved and you didn't let the District Clerk know where they were supposed to send the lists. That is up to you. You are supposed to let them know.

Motion to Reinstate is denied.

After an examination of the record, we cannot say the court clearly abused its discretion in refusing to reinstate the cause. Appellant's counsel failed to comply with the local rules, and therefore the case never did get to trial during the nearly four years it was pending. We overrule appellant's points of error two, three, four, and six.

The judgment is affirmed.