**OLIN CORPORATION, Appellant,**

v.

**COASTAL WATER AUTHORITY, Appellee.**

**No. 01–92–00889–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 25, 1993.

Rehearing Denied April 29, 1993.

---

James A. Porter, Chamberlain, Hrdlicka, White, Williams & Martin, Houston, for appellant.

Benjamin L. Hall, III, Russell Richardson, Andrea Chan, Robert R. Johnson, Houston, for appellee.

Before SAM BASS, DUNN and WILSON, JJ.

## OPINION

WILSON, Justice.

The appellant, Olin Corporation ("Olin"), appeals from the judgment of the trial court which struck its objections to a condemnation award and rendered judgment in favor of the appellee, Coastal Water Authority ("CWA"). We reverse and remand.

## I. Fact Summary

On August 17, 1988, CWA initiated an eminent domain proceeding seeking a pipeline easement on property owned by Olin. On September 8, 1988, the condemnation proceeding was heard and the special commissioners awarded damages to Olin in the amount of $170,000.[1] On September 21,

---

1. Olin now claims damages in excess of $500,-000.

1988, Olin filed objections to the award in the County Civil Court at Law Number Three. Due to the nature of the proceeding, CWA was the original plaintiff and Olin was the defendant.

Olin also asked CWA to attempt remediation of the damage caused by the pipeline construction. CWA began remediation efforts in November of 1988, and concluded those efforts in early 1991. The parties did not actively pursue the litigation during the course of the remediation. Upon its completion, the parties were unable to reach a settlement agreement.

On March 4, 1991, the trial court granted Olin's motion to substitute counsel. On April 19, 1991, Olin's new counsel filed a trial setting request for September 23, 1991, and certified that the case was ready for trial.[2] On June 11, 1991, the trial court advised the parties of its intent to dismiss the lawsuit for want of prosecution unless good cause to retain was shown on or before November 14, 1991. On June 20, 1991, Olin withdrew the award of the special commissioners, while reserving its right to proceed to trial to determine just compensation.

On August 2, 1991, Olin made a second request for a trial setting. The trial court then signed an order setting the case for jury trial on June 1, 1992. The order stated that "The Court does not accept agreed Motions for Continuance on trial settings." The local rules of the County Civil Court at Law Number Three state that "All cases in this court are set preferentially."

On January 13, 1992, counsel for Olin, acting with CWA's permission, filed an agreed motion for preferential trial setting for July 20, 1992. Olin failed to include an order with its motion, and the trial court did not sign any order granting the newly requested setting. Nonetheless, counsel for Olin informed counsel for CWA by letter that the case was preferentially set for July 20, 1992. CWA proceeded on the as-

sumption that the case was scheduled for trial on July 20.

On April 21, 1992, counsel for Olin, in accordance with local rules, filed a vacation letter for the week of June 1, 1992, seeking exemption from trial in the Harris County courts for that week.

On approximately May 14, 1992, counsel for CWA contacted counsel for Olin to discuss a continuance. CWA's counsel explained that he had spoken with the judge, and determined that if the trial began on July 20, a visiting judge would have to preside over the second week of trial because the judge was scheduled to attend a judicial conference. CWA's counsel indicated that the judge told him that she would consider a joint motion for continuance. Olin agreed to join a motion seeking a continuance.

On June 2, 1992, Olin executed an agreed motion for continuance prepared by CWA and returned it to CWA. When counsel for CWA presented the motion to the trial court that day, he learned that the case had been called for trial on June 1, and that the court had struck Olin's objections to the award of the Special Commissioners and made that award the final judgment of the court.[3] The judgment further vested the right, title, and interest in the condemned property to CWA. That afternoon, CWA's counsel informed Olin's counsel of the trial court's actions.

On June 19, 1992, Olin filed a request for findings of fact and conclusions of law. On June 30, Olin filed a motion for new trial or to reinstate the case. On July 14, Olin filed a notice of past due findings of fact and conclusions of law. The court issued its findings of fact and conclusions of law on July 24, 1992.[4]

The trial court held a hearing on Olin's motion for new trial or to reinstate the case on August 5, 1992. At the conclusion of the hearing, the trial court denied Olin's

---

2. The record does not contain an order confirming a trial setting for that date.

3. Neither CWA nor Olin had appeared in court on June 1.

4. Olin subsequently filed a request for additional and amended findings of fact and conclu-

sions of law and then an amended request for additional and amended findings of fact and conclusions of law. Amended findings of fact and conclusions of law were issued by the court on August 12, 1992.

motion and entered an order to that effect on August 10, 1992.

## II. Sufficiency of the Evidence

In its first point of error, Olin contends that there is no evidence or insufficient evidence to support certain of the trial court's findings of fact and conclusions of law, and that those findings and conclusions have no foundation under the evidence or law.

■ However, sufficiency of the evidence is not the correct standard of review of a trial court's dismissal or refusal to reinstate a case. *See Melton v. Ryander*, 727 S.W.2d 299, 301 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). Rather, the appellate standard of review of a dismissal for want of prosecution or the overruling of a motion to reinstate is whether there has been a clear abuse of discretion by the trial court. *Armentrout v. Murdock*, 779 S.W.2d 119 (Tex.App.—Houston [1st Dist.] 1989, no writ); *Melton*, 727 S.W.2d at 301; *Balla v. Northeast Lincoln Mercury*, 717 S.W.2d 183, 184 (Tex.App.—Fort Worth 1986, no writ). Therefore, we consider the arguments made under Olin's first point of error in conjunction with its second point of error.

## III. Abuse of Discretion

In its second point of error, Olin asserts the trial court abused its discretion in dismissing the case for failure to prosecute with due diligence and in denying its motion to reinstate.

### A. The Dismissal

■ A trial court has the authority to dismiss a case for want of prosecution under TEX.R.CIV.P. 165a and pursuant to its inherent powers. *Veterans' Land Board v. Williams*, 543 S.W.2d 89, 90 (Tex.1976); *Armentrout* 779 S.W.2d at 121. In deciding whether to dismiss a case for lack of due diligence, the trial court is entitled to review the entire history of the case, including the length of time the case was on file, the amount of activity in the case, the request for a trial setting, and the existence of reasonable excuses for delay. *City of Houston v. Thomas*, 838 S.W.2d 296, 297 (Tex.App.—Houston [1st Dist.]

1992, no writ). No single factor is dispositive. *Id.* A trial court abuses its discretion and may be reversed only if it has acted in an unreasonable or arbitrary manner. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex.1984).

■ The striking of a condemnee's objections to a condemnation award is equivalent to a dismissal for want of prosecution. *Stuart v. Harris County Flood Control Dist.*, 537 S.W.2d 352, 354 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). Ordinarily, a litigant may refile an action that has been dismissed for want of prosecution, since the merits of the action remain undecided. *Rizk v. Mayad*, 603 S.W.2d 773, 775 (Tex.1980); *Thomas*, 838 S.W.2d at 298. However, a trial court's striking of objections to a condemnation award and entry of a final judgment acts as a decision on the merits, and prevents the objecting party from refiling. Thus, we note at the outset that because of the unique nature of a condemnation lawsuit, the striking of objections to an award has more drastic consequences than an ordinary dismissal without prejudice.

On June 1, 1992, the trial court entered its judgment striking Olin's objections and making the award of the special commissioners final. The face of the trial court's order states that the court "determined that there has been a lack of diligence and an unreasonable delay in the prosecution of this suit, and no good cause for such delay and lack of prosecution [was] shown."

Upon Olin's request, the trial court filed findings of fact and conclusions of law. The trial court's conclusions of law provide:

1. One of the fundamental powers possessed by a trial court is the power to dismiss a lawsuit for failure to prosecute it with due diligence.

2. The case had been on file over three and a half years when the judgment was signed, and discovery did not commence until two and a half years after the objections were filed. This clearly indicates a lack of due diligence on the part of Olin Corporation in prosecuting this matter.

3. Olin Corporation filed the objections, thus it had the duty of prosecuting this matter with due diligence.

4. The trial court shall adopt the commissioners' award where there are no objections.

5. The parties violated the trial court order of August 2, 1991 by filing an agreed motion for continuance without obtaining approval or an order from the court.

6. The striking of objections and the signing of a judgment based on the commissioners' award was proper.

The trial court's order and conclusions of law indicate the suit was not dismissed pursuant to rule 165a, which authorizes a dismissal "for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice." TEX.R.CIV.P. 165a(1). Rather, we find the suit was dismissed pursuant to the trial court's inherent power to dismiss a cause for failure to prosecute it with due diligence.

■ When called upon to determine whether a trial court abused its discretion in dismissing a suit for failure to prosecute with due diligence, the appellate court must look at the record in its entirety, including the statement of facts, findings of fact and conclusions of law, if any, and the procedural history of the case as presented in the transcript. *Thomas*, 838 S.W.2d at 297–98.

We focus initially on the trial court's conclusions of law two and three:

2. The case had been on file over three and a half years when the judgment was signed, and discovery did not commence until two and a half years after the objections were filed. This clearly indicates a lack of due diligence on the part of Olin Corporation in prosecuting this matter.

3. Olin Corporation filed the objections, thus it had the duty of prosecuting this matter with due diligence.

We find that both these conclusions are erroneous as a matter of law because the latter misstates the law, and the former relies on an incorrect legal premise. The law regarding the burden of going forward in a condemnation suit is as follows:

The timely filing by either party of objections to a condemnation award serves to vacate the award, and the special condemnation proceedings become a cause pending in the county court, with the condemnor as plaintiff and condemnee as defendant. *Denton County v. Brammer*, 361 S.W.2d 198 (Tex.1962).... *Where objections are filed by the condemnee*, and the condemnee does not in any way consent to the taking of the property, *then the burden of proof on the "whole case" and the burden of going to trial are on the condemnor*, while the burden of having citation issued and served and the burden of showing adequate compensation are on the condemnee. *Denton County v. Brammer, supra; Fort Worth & D.N. Ry. Co. v. Johnson*, 125 Tex. 634, 84 S.W.2d 232 (1935).

However, if the amount of the commissioners' award is deposited by the condemnor into the registry of the court, then the withdrawal of that money by the condemnee precludes the litigation of any issue except adequate compensation. *State v. Jackson*, 388 S.W.2d 924 (Tex. 1965). Since adequate compensation is an issue on which the condemnee has the burden of proof, *such a withdrawal shifts the burden of proof on the "whole case" and the burden of proceeding to trial to the condemnee. City of Austin v. Hall*, 446 S.W.2d 330 (Tex.Civ.App.—Austin, 1969), *rev'd and appeal dism'd per curiam*, 450 S.W.2d 836 (Tex.1970).

*Stuart v. Harris County Flood Control Dist.*, 537 S.W.2d 352, 354 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.) (emphasis added).[5]

The trial court apparently understood Olin to have the burden of going forward

---

5. At least one court has found that the burden to proceed remains on the party who files the objections throughout the case. *State v. Beever Farms, Inc.*, 549 S.W.2d 223, 226 (Tex.Civ.App.— San Antonio 1977, writ ref'd n.r.e.). However, that case involved the striking of objections filed by a *condemnor*, not a condemnee, who had failed to prosecute the case with due diligence.

from the time the objections were filed on September 21, 1988. However, once Olin filed its objections, caused citation to issue, and obtained service of citation on CWA, the burden to go forward shifted to CWA. The record indicates that Olin completed all of these acts by September 27, 1988. The burden of going forward did not shift back to Olin until June 20, 1991, when Olin withdrew the award of the special commissioners. Thus, Olin could properly be held accountable only for a failure to prosecute the case from this date forward. The record before the trial court at the time it entered its judgment indicated that Olin had commenced discovery as of July 12, 1991, less than one month after Olin regained burden of going forward with the action.

The court also found that Olin and CWA violated its order of August, 2, 1991, which preferentially set the case for trial, when they filed an agreed motion for continuance. The trial court's order stated that such motions would not be accepted. The court found neither party obtained approval to file the motion nor a subsequent order from the court granting the motion. In fact, no order was attached to the motion and neither party requested a hearing. Finally, the court noted in its findings of fact that neither party appeared when the case was called for trial on June 1, 1992.

### B. The Denial of the Motion to Reinstate

■ The trial court held its hearing on Olin's motion to reinstate on August 5. At the hearing, Olin introduced evidence demonstrating that, contrary to the court's finding of fact that Olin did not commence discovery until July 1991, Olin had in fact initiated discovery as early as October 1988. During October 1988, Olin issued notices of intention to depose two individuals, and filed subpoenas indicating those individuals had been served. In November 1988, Olin served CWA with its first set of interrogatories and received responses.

Olin introduced further evidence indicating that the parties stopped pursuing the litigation for a period of time while CWA attempted to repair the damage to Olin's property. During this entire period, the burden remained on CWA to go forward with the litigation. Olin's current counsel was not brought into the case until March 1991, and filed a trial setting request on April 19, 1991. The record provides the following chronology from that point:

March 4, 1991—Trial court grants Olin's motion to substitute counsel.

April 19, 1991—Olin files trial setting request for September 23, 1991.

June 11, 1991—Trial court notifies parties of its intent to dismiss suit unless good cause to retain is shown before November 14, 1991.

June 20, 1991—Olin withdraws the award of the special commissioners. [Burden of going forward shifts to Olin at this time.]

August 2, 1991—Olin files its second request for trial setting for June 1, 1992.

August 13, 1991—1992 Olin files its first request for production of documents and its second set of interrogatories.

September 6, 1991—Olin files its answers to plaintiff's request for admissions, its response to request for production of documents, and its answers to plaintiff's first set of interrogatories.

January 13, 1992—Olin files the Agreed Motion for Preferential Trial Setting for July 20, 1992. Olin fails to include an order with its motion.

April 21, 1992—Olin's counsel files notice of vacation for the week of June 1, 1992.

May 14, 1992—CWA contacts Olin to request a continuance.

June 1, 1992—Olin and CWA fail to appear for trial. Trial court strikes Olin's objections and enters final judgment.

June 2, 1992—CWA presents motion for continuance from July 20 trial setting. The parties learn judgment has been entered.

In sum, although the case remained on file for over three and one-half years, the burden to go forward remained on CWA for most of that period. The delay that occurred between 1988 and 1991 was reasonably explained by the evidence that CWA was attempting to repair the damage to Olin's property in hopes of a settlement. When it became apparent that a settlement

was not achievable, Olin initiated further discovery efforts and immediately sought a trial setting. The burden did not shift to Olin until June 20, 1991, and the case was dismissed by the trial judge less than one year later.

Olin's only attempt to change the June 1, 1992, setting was its filing of the flawed joint motion for preferential trial setting. Thus, with the possible exception of Olin's failure to appear for trial on June 1, 1992, the record indicates Olin's current counsel pursued this matter with reasonable diligence from the time the burden to go forward shifted to Olin.

Regarding Olin's failure to appear, testimony was presented that certain witnesses for Olin were unavailable for the June 1, 1992 trial date. In January, Olin assigned a newly-licensed attorney the task of obtaining preferential trial setting after June 1, 1992. This attorney testified that he called the clerk's office to inquire how to obtain a preferential trial setting. He knew Olin already had a June 1 trial setting, but did not inform the clerk of this fact. Per the clerk's instruction, he submitted a joint motion for preferential trial setting. He testified that he was not aware an order had to accompany such a motion. Although Olin's lead counsel signed the motion, the new attorney filed it with the court. After he filed the motion, he communicated to Olin's lead counsel and CWA that a July 20, 1992 trial date had been secured. While an attorney's inexperience does not excuse Olin's failure to appear, it does tend to show Olin was not consciously disregarding the rules of the court.[6]

Given the entire record of the case and the severity of a penalty of dismissal in this type of proceeding, we find the trial court abused its discretion when it failed to reinstate the case. The record demonstrates that Olin has been reasonably diligent in its efforts to prosecute this case since the burden to go forward shifted to it in June, 1991. We also note that CWA did not seek dismissal of this case. In fact, CWA participated in the very misconduct for which the trial court has punished Olin: CWA carried the burden of going forward during the delay caused by remediation efforts, both parties joined in the motion for a July 20 trial date, and both parties failed to appear for trial on June 1.

Finally, we view this case mindful of the mandate of TEX.R.CIV.P. 1. Rule 1 provides that the purpose of the Rules of Civil Procedure is to obtain a fair, just, and equitable adjudication of rights under established principles of *substantive* law. The tension between the objective of rule 1 and the inherent power of the trial judge to control the court's docket may be impossible to resolve with absolute precision, but a just resolution of cases generally prefers trial over dismissal. We recognize the trial court's discretionary power to dismiss an action for want of prosecution, but find the trial court erred in refusing to reinstate the case upon Olin's motion and hearing.

Accordingly, Olin's second point of error is sustained, and the judgment of the trial court is reversed and the cause remanded.

---

**6.** Again, the trial court's order and conclusions of law indicate it dismissed the action pursuant to its inherent power, *not* under rule 165a. Rule 165a authorizes the trial court to dismiss a case upon a party's or its counsel's failure to appear for trial. TEX.R.CIV.P. 165a(1). Had the trial court dismissed Olin under this latter rule, Olin would have the burden of showing at the reinstatement hearing that its failure to appear at trial was not intentional or the result of conscious indifference to the trial court's rules. TEX.R.CIV.P. 165a(3). Rule 165a(3) does not apply to cases dismissed for want of diligent prosecution pursuant to a trial court's inherent powers. *Eustice v. Grandy's,* 827 S.W.2d 12, 14 (Tex.App.—Dallas 1992, no writ). Nonetheless, intentionally missing a trial setting is one indicator that a party is not diligently prosecuting its case.