# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00608-CV

**Jeanam Harvey, Appellant**

**v.**

**Michael Wetzel, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
## NO. 99-13033, HONORABLE ROSE SPECTOR, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Jeanam Harvey appeals the district court order dismissing her action against appellee Michael Wetzel for want of prosecution and overruling her motion to reinstate her case. On appeal, Harvey contends that the district court erred in dismissing for want of prosecution, not placing the case on the Travis County dismissal docket prior to dismissal, not allowing her appropriate notice prior to dismissal, refusing to reinstate her case, and refusing to allow her to present any evidence at the hearing on her motion to reinstate. We affirm the district court's order.

## BACKGROUND

Harvey's underlying suit arises from orthodontic treatment she received from Dr. Wetzel. On September 3, 1999, Harvey filed an action seeking pre-suit discovery. *See* Tex. R. Civ.

P. 202. Harvey subsequently filed her original petition in this case on November 5, 1999, alleging Wetzel was negligent in attempting to correct and straighten her teeth, causing her past and future pain and suffering; past and future medical expenses; reduced function in her teeth, jaw, and temporomandibular joints; past and future loss of earnings; past and future physical impairment; and past and future mental anguish. The trial date was set for May 17, 2001.

On March 1, 2001, Harvey filed a motion for continuance. In support of her motion, Harvey averred, *inter alia*, that she needed more time to provide an accurate calculation of damages at trial because her treating physicians had yet to agree on the proper prognosis of her injuries. The motion was unopposed, and the district court granted the continuance and reset the trial date to October 7, 2002.

Harvey filed a second motion for continuance on September 23, 2002. Harvey's counsel explained that he was scheduled for an unrelated jury trial in Tarrant County that he expected would conflict with the trial date of the instant case. Harvey also noted that "[d]efendant never sought to arrange for mediation despite the fact that [Harvey's] counsel reminded him several weeks ago of the local rule requiring mediation." Harvey's counsel promised to "promptly seek a new setting and [] arrange for mediation to take place before that setting." Wetzel's counsel did not oppose the motion, and the district court granted the continuance on September 26, 2002.

For over nine months thereafter, Harvey's counsel did not seek a new trial date or set the case for mediation. On June 26, 2003, Wetzel filed a motion to dismiss for want of prosecution. Wetzel cited as grounds for dismissal Harvey's failure to reset the trial date, the lack of discovery or other activity in the case since November 2000, and the length of time—forty-two months—that

2

the case had been on file without proceeding to trial. Wetzel's counsel pointed out that the Texas Rules of Judicial Administration establish a presumptive guideline of eighteen months for disposition of civil cases.[1]

Upon receiving notice of the motion, Harvey's counsel immediately obtained a trial date for November 3, 2003. The hearing on the motion to dismiss was set for 9 a.m. on Monday, June 30, 2003. Wetzel first notified Harvey of the hearing by faxing a notice of the motion to Harvey's counsel on Wednesday, June 25, 2003. However, Harvey's counsel testified that the notice faxed on that day was misleading because it had the cause number of Harvey's rule 202 proceeding, which had been consolidated into the present case. Wetzel's counsel then faxed a notice of the motion to dismiss with the correct cause number to Harvey's counsel at 10:20 a.m. on Thursday, June 26, 2003. However, Harvey's counsel testified at the hearing that this second notice did not include a time of setting for the hearing on the motion to dismiss, but that Wetzel's counsel later corrected it. At the hearing, Harvey's counsel testified:

> I did not prepare a written response because I was doing some work in preparation for [a trial scheduled for July 3rd in Fort Worth] and I requested . . . [that] this hearing be put off a couple of weeks but it's not agreed upon so we are here.

---

[1] Tex. R. Jud. Admin. 6b(1) (West 2004) (district court judges should, so far as reasonably possible, ensure that civil jury cases, other than family law, are brought to trial or final disposition within 18 months from appearance date); *see also* Tex. R. Civ. P. 165a(2) (West 2004) (any case not disposed of within time standards promulgated by the supreme court under its Administrative Rules may be placed on dismissal docket).

Harvey's counsel then provided further testimony regarding his excuses for the delays in the case. On June 30, 2003, the district court granted Wetzel's motion to dismiss for want of prosecution without stating its reasons for dismissal. On July 1, 2003, Harvey filed a motion to reinstate. On July 30, 2003, the district court held a hearing on the motion and subsequently denied it.

## DISCUSSION

Harvey asks that we reverse the district court and remand the case for trial. She asserts five issues: (1) the district court abused its discretion in dismissing the case for want of prosecution; (2) the district court erred in not placing the case on a dismissal docket prior to dismissal; (3) the district court erred in not affording Harvey at least three working days' notice of its intent to dismiss the case; (4) the district court abused its discretion in refusing to reinstate the case; and (5) the district court erred in refusing to allow Harvey to present any evidence at the hearing on the motion to reinstate.

### Standard of review

We review a trial court's action on a motion to dismiss for want of prosecution and the court's failure to reinstate the cause under an abuse of discretion standard. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (citing *Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex. 1976)). A trial court abuses its discretion if its decision is arbitrary, unreasonable, and without reference to any guiding rules and principles. *Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997). The decision as to whether a trial court abused its discretion is made on a case-by-case basis,

4

considering the entire history of the case. *Federal Deposit Ins. Corp. v. Kendrick*, 897 S.W.2d 476,

481-82 (Tex. App.—Amarillo 1995, no writ) (stating further that no single factor is dispositive);

*Olin Corp. v. Coastal Water Auth.*, 849 S.W.2d 852, 856 (Tex. App.—Houston [1st Dist.] 1993, no

writ); *see also Collier Mfg. & Supply, Inc. v. Interfirst Bank Austin, N.A.*, 749 S.W.2d 560, 563 (Tex.

App.—Austin 1986, no pet.).

**Dismissal for want of prosecution**

In her first issue, Harvey contends that the district court abused its discretion in

dismissing the case for want of prosecution because Harvey reasonably explained the delay in

prosecution and Wetzel was partially responsible for the delay. We disagree.

The Texas Supreme Court summarized the trial court's authority to dismiss for want

of prosecution in *Villarreal v. San Antonio Trucking & Equipment*:

> The trial court's authority to dismiss for want of prosecution stems from two sources:
>
> (1) Rule 165a of the Texas Rules of Civil Procedure, and (2) the court's inherent power. A trial court may dismiss under Rule 165a on 'failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice' or when a case is 'not disposed of within the time standards promulgated by the Supreme Court . . . .' In addition, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence.

994 S.W.2d 628, 630 (Tex. 1999) (citations omitted).

5

In this case, the district court did not state its reasons for dismissing the case or whether it was relying on rule 165a(2) or its inherent power.[2] In support of his motion to dismiss for want of prosecution, Wetzel cited: (1) the expiration of the eighteen month time limit of Rule 6b(1) of the Rules of Judicial Administration, (2) plaintiff's failure to reset the trial date for nine months after obtaining a second continuance, and (3) the absence of discovery and activity in the case since the first motion for continuance was granted. Harvey urges that the notice of dismissal indicates that Wetzel was seeking dismissal pursuant to rule 165a(2). However, because the trial court did not specify under what ground it was exercising its authority to dismiss Harvey's case, we may affirm the judgment under any applicable legal theory. *Point Lookout West, Inc. v. Whorton*, 742 S.W.2d 277, 278 (Tex. 1987); *City of Houston v. Thomas*, 838 S.W.2d 296, 297 (Tex. App.—Houston [1st Dist.] 1992, no writ).[3]

---

[2] The court's order to dismiss states: "This Court, having reviewed all pleadings and motions on file, and having heard the arguments of counsel, is of the opinion that Defendant's Motion to Dismiss with Prejudice as to Plaintiff Jeanam Harvey should be granted."

[3] The Texas Supreme Court has held that it is reversible error for a court to fail to notify a party under which category of authority it intends to dismiss a case—either under rule 165 or under its inherent powers. *Villarreal v. San Antonio Trucking & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). However, discussed *infra*, it has also been held that even complete absence of notice or hearing prior to dismissal can be cured if the trial court holds a hearing on the appellant's motion to reinstate. *Franklin v. Sherman*, 53 S.W.3d 398, 402-03 (Tex. App.—Dallas 2001, pet. denied); *Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d 125 (Tex. App.—Houston [14th Dist.] 1999, no pet.). As discussed below, the trial court held such a hearing here.

The record supports dismissal pursuant to the court's inherent authority to dismiss for lack of prosecution.[4] In dismissing under its inherent authority for lack of diligent prosecution, the trial court may consider the entire history of the case, including the length of time the case was on file, the amount of activity in the case, the request for a trial setting, and the existence of reasonable excuses for a delay. *State v. Rotello*, 671 S.W.2d 507, 509 (Tex. 1984); *Houston v. Robinson*, 837 S.W.2d 262, 264 (Tex. App.—Houston [1st Dist.] 1992, no writ). No single factor is dispositive. *Ozuna v. Southwest Bio-Clinical Labs.*, 766 S.W.2d 900, 901 (Tex. App.—San Antonio 1989, writ denied). When called upon to determine whether a trial court abused its discretion in dismissing a suit for failure to prosecute with due diligence, the appellate court must look to the record in its entirety, including the statement of facts, findings of fact and conclusions of law, if any, and the procedural history of the case as presented in the transcript. *Thomas*, 838 S.W.2d at 297-298.

Reviewing the record, we note that this case was over forty-two months old at the time of dismissal, but had not yet been brought to trial. There had been two previous trial settings. In her second motion for continuance, moreover, Harvey's counsel had promised to "promptly seek a new setting and [] arrange for mediation to take place before that setting" yet failed to seek a new setting or arrange for mediation until nine months later, and only after Wetzel filed his motion to dismiss for want of prosecution.

---

[4] Because we hold that the trial court properly exercised its inherent power to dismiss, we do not address whether the trial court could also have dismissed the case pursuant to rule 165a.

At the hearing on the motion to dismiss, Harvey made multiple excuses for the delay. Harvey alleged in her first motion for continuance that she would need more time to get an accurate and final prognosis, which would be relevant at trial to a correct calculation of damages at trial. While this may be a reasonable excuse for the first continuance, it does not explain the delay that occurred after the second motion for continuance. Harvey requested the second motion for continuance to avoid a scheduling conflict with an unrelated jury trial in which Harvey's counsel was involved and allow the parties further opportunity to arrange for mediation. Harvey alleges that Wetzel's counsel contacted her counsel desiring a second continuance and requested that Harvey's counsel make the second motion for continuance as he did not want his client to know he wanted a continuance. Even taking Harvey's allegation as true, it does not explain the lack of activity in the case after the second continuance—most importantly, Harvey's failure to promptly set a trial date as she had promised. Harvey further alleges that the failure to seek mediation was the fault of Wetzel, who refused to consider mediation. Again, taking this allegation as true does not provide a reasonable excuse for failing to set a trial date. Harvey's failure to set a trial date over a nine month period without a reasonable excuse, coupled with the overall length of time the case had been on file, indicates a lack of diligence in prosecuting this case.

Harvey contends that it was an abuse of discretion for the district court to dismiss the case because Wetzel was partially responsible for the delay. Harvey alleges that Wetzel's counsel contacted her counsel requesting her to file a second motion for continuance. Additionally, Harvey alleges that Wetzel was responsible for the initial delay in the case as he refused to provide her medical records under Harvey's original petition for pre-suit discovery. There is little in the record

8

to support this allegation because Wetzel released the records several months before Harvey asked for her second continuance.[5] We hold that the district court did not abuse its discretion in dismissing this case under its inherent authority to dismiss a case not prosecuted with diligence.[6]

**Timely notice**

In her third issue, Harvey argues that she did not receive timely notice of the hearing, which prohibited her from timely filing a motion to retain and properly defending against the motion to dismiss.

---

[5] Harvey cites *Olin Corp. v. Coastal Water Authority*, 849 S.W.2d 852 (Tex. App.—Houston [1st Dist.] 1993, no writ), in support of the proposition that it is an abuse of discretion for a court to dismiss a case for want of prosecution where the moving party was partially responsible for the delay. However, Harvey incorrectly characterizes the holding in *Olin*. In *Olin*, the appellant successfully appealed the district court's decision to strike its objections to a condemnation award, the equivalent to a dismissal for want of prosecution. *Id.* at 858; *see Stuart v. Harris County Flood Control Dist.*, 537 S.W.2d 352, 354 (Tex. Civ. App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). While one cause for delay in *Olin* was a joint motion for a continuance, the court did not reverse the dismissal on the grounds that appellee had partially sought the continuance. Rather, the court reversed the dismissal because it was based on the erroneous belief that the appellant had the burden of going forward, when, in fact, that burden rested with the appellee. *Olin*, 849 S.W.2d at 856-57. Accordingly, the trial court abused its discretion by dismissing a case for want of prosecution against the party who did not carry the burden of prosecuting the case. *Id.* *Olin* was a condemnation proceeding in which the burden of moving the case forward shifted during the proceedings. *Id.* at 856. By contrast, Harvey in this action for malpractice carried the burden of prosecuting the case throughout the proceedings. Furthermore, Harvey's promise to reset the trial date indicates she assumed the duty to reset the trial date. Harvey's failure to carry her burden and reset a trial date shows that the district court's decision to dismiss the case for want of prosecution was not a clear abuse of discretion.

[6] Because we must affirm if any legal theory for the dismissal is supported by the record and we have concluded that the trial court properly dismissed Harvey's case by its inherent power, we need not address Harvey's second issue asserting that rule 165a required the trial court to place her case on the dismissal docket. *Point Lookout West, Inc. v. Whorton*, 742 S.W.2d 277, 278 (Tex. 1987). We overrule Harvey's second issue.

Harvey contends that the district court's failure to afford Harvey at least three working days' notice pursuant to Rule 11.5(a) of the Local Rules of Civil Procedure and Rules of Decorum of Travis County was reversible error.[7] Harvey contends that because her counsel received the notice of dismissal less than two working days prior to the hearing on the motion to dismiss, she was not given an opportunity to comply with Rule 11.5(a). Harvey argues that her inability to comply with Rule 11.5(a) denied her a fair opportunity to be heard as to why the case should be retained.

Generally, a party must be provided with notice and an opportunity to be heard before a court may dismiss a case. *Villarreal*, 994 S.W.2d at 630. Whether the trial court dismissed the case in an exercise of its inherent power or the power given the court in Rule 165a, the applicable legal rules require that a party be given notice and an opportunity to be heard before dismissal. *Collier*, 749 S.W.2d at 565. Courts have noted that parties were not afforded sufficient notice of dismissal where a party received notice at the moment of dismissal. *See, e.g.*, *Jimenez v. Transwestern Property, Co.*, 999 S.W.2d 125, 128 (Tex. App.—Houston [14th Dist.] 1999, no pet.). We need not consider whether notice prior to dismissal was timely, or the implications of the "mailbox rule" for the faxed notice, Tex. R. Civ. P. 21a, because Harvey had the opportunity to move to reinstate.

---

[7] Rule 11.5(a) provides that "motions to retain shall be filed with the Court Services Department at least three working days prior to the date specified in the notice of dismissal for want of prosecution." Travis County Dist. Ct. Loc. R. 11.5(c).

Courts have held that even complete absence of notice can be cured when the trial court holds a hearing on the appellant's motion to reinstate. *Franklin v. Sherman*, 53 S.W.3d 398, 402-03 (Tex. App.—Dallas 2001, pet. denied) ("Courts . . . have uniformly held that when the trial court holds a hearing on a motion to reinstate while the court had full control of its judgment . . . no harmful error is shown."); *Jimenez*, 999 S.W.2d at 129. The fact that the court heard Harvey's motion to reinstate, providing her a full opportunity to be heard, cured any potential failure to provide timely notice of dismissal.

**Motion to reinstate**

In her fourth issue, Harvey contends that the district court erred in denying her motion to reinstate. Specifically, Harvey contends that the court erred in reviewing the order of dismissal under an abuse of discretion standard. Harvey contends that pursuant to Rule 165a(3), the court was obligated to reinstate the case if it found that Harvey's failure in prosecuting the case was reasonably explained.[8]

We have previously held that the rule that a court shall reinstate upon finding that failure of a party or attorney was not intentional or the result of conscious indifference only applies

---

[8] See Rule 165a(3), Texas Rules of Civil Procedure, stating "The court shall reinstate upon finding after a hearing that failure of a party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure had been otherwise reasonably explained." We note that it is not clear whether 165a(3) applies in this case because the court may have dismissed the cause under its inherent power.

11

to dismissals for failure to appear at trial or other hearing. *Burton v. Hoffman*, 959 S.W.2d 351, 354 (Tex. App.—Austin 1998, no pet.); *see also Clark v. Yarbrough*, 900 S.W.2d 406, 408-09 (Tex. App.—Texarkana 1995, writ denied); *Eustice v. Grandy's*, 827 S.W.2d 12, 14 (Tex. App.—Dallas 1992, no writ); *Goff v. Branch*, 821 S.W.2d 732, 733 (Tex. App.—San Antonio 1991, writ denied); *Ozuna*, 766 S.W.2d at 903. The record does not indicate Harvey ever failed to appear at any hearing. Furthermore, neither Harvey, nor Wetzel, nor the district court suggests that this case was dismissed for Harvey's failure to appear. Rather, the record indicates that this case was dismissed for Harvey's failure to prosecute with diligence and/or the expiration of time standards promulgated by the Supreme Court. Therefore, the district court was not obligated to consider whether Harvey's failures were not intentional or the result of conscious indifference. *See Burton v. Hoffman*, 959 S.W.2d at 354. Thus, we overrule Harvey's fourth issue.[9]

---

[9] In her fifth issue, Harvey claims that the district court erred in denying her the opportunity to present any evidence at the hearing on her motion to reinstate. During the hearing on the motion to reinstate, the court initially indicated that it would not hear new evidence as Harvey had filed a motion to reconsider rather than a motion to reinstate. However, after Harvey explained to the court that she had filed a motion both to reconsider and to reinstate, the court allowed Harvey to present new evidence. The only new evidence Harvey offered at the hearing was testimony that her counsel had participated in an unrelated jury trial in Fort Worth on July 3, 2003. The district judge noted, "I'll take your statement that you did go to trial on July 3rd as testimony." In denying the motion to reinstate, the district court concluded, "Having reviewed the transcript from the motion to dismiss and having heard the arguments today and [plaintiff's counsel's] evidence, I find that Judge Spector's ruling on the motion to dismiss was within her discretion, and I will deny the motion to reconsider at this time." Because the record indicates the district court did in fact allow her to present evidence at the motion to reinstate, we overrule Harvey's fifth issue.

## CONCLUSION

We affirm the district court order dismissing Harvey's case for want of prosecution and overruling her motion to reinstate.

_____

Bob Pemberton, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed:   July 29, 2004