In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00394-CV
_____

HATEM EL-KHALIDI, Appellant

V.

ARABIAN AMERICAN DEVELOPMENT COMPANY, NICHOLAS
CARTER, AND CHARLES W. GOEHRINGER JR., Appellees

On Appeal from the 88th District Court
Hardin County, Texas
Trial Cause No. 52483

MEMORANDUM OPINION

In two appellate issues, appellant Hatem El-Khalidi appeals the trial court's judgment dismissing his case for want of prosecution. We affirm the trial court's judgment.

BACKGROUND

On August 2, 2011, El-Khalidi filed suit against Arabian American Development Company ("AADC") for breach of contract and defamation based

1

upon AADC's alleged failure to provide El-Khalidi agreed-upon benefits when he retired as president and CEO of AADC. AADC filed its first amended answer and counterclaim on September 14, 2011.[1] In his first amended petition, El-Khalidi added as defendants appellees Nicholas Carter and Charles W. Goehringer Jr.[2], against whom he asserted causes of action for tortious interference with a contract and misrepresentation.[3] According to El-Khalidi, Carter made allegations against El-Khalidi that Carter should have known were untrue, and "which were designed to induce the other members of the Board of Directors to believe that El-Khalidi was acting contrary to AADC's interest and sought to interfere with the contract between El-Khalidi and AADC." AADC filed a counterclaim against El-Khalidi for declaratory judgment.

On May 16, 2012, El-Khalidi filed a motion to quash his deposition, which AADC had noticed for June 22, 2012. El-Khalidi attached as an exhibit a May 9, 2012, letter from AADC's counsel, in which counsel stated, "[w]e have been patiently working with you, waiting for [El-Khalidi's] return to Dallas, Texas, in

---

[1]The appellate record does not contain AADC's original answer.

[2]The amended petition also named Ghazi Sultan as a defendant. Sultan is not a party to this appeal, and the appellate record indicates that Sultan never appeared in the lawsuit.

[3]El-Khalidi requested a jury trial.

2

keeping with the Rule 11 Agreement that was reached last year, in which we dismissed our federal action in an effort to work cooperatively, and not within the rigid timelines of a federal court's scheduling order." With this letter, AADC's counsel forwarded a notice of El-Khalidi's deposition with subpoena duces tecum for June 22, 2012. After conducting a hearing concerning the scheduling of depositions and mediation, the trial court signed an order that provided, in pertinent part, that El-Khalidi would appear for deposition on August 7, 2012, in Dallas.

On September 12, 2012, AADC and the individual defendants filed a motion for sanctions, based on "El-Khalidi's refusal to present himself for deposition in Dallas, Texas, as agreed to over one year ago, as ordered by this Court over two months ago, and as required by . . . Tex. R. Civ. P. 199.2(b)(2)(c)." In the motion, AADC and the other defendants acknowledged they were aware that before the trial court could entertain a motion to dismiss El-Khalidi's claims with prejudice, it must first impose a lesser sanction aimed at obtaining El-Khalidi's compliance with the trial court's orders.

On May 1, 2013, AADC and the individual defendants filed a second motion for sanctions, which included a motion to dismiss El-Khalidi's lawsuit for want of prosecution. Specifically, AADC argued that the trial court has inherent power to

dismiss under Texas Rule of Civil Procedure 165a(2) when a case is not disposed within the time limits set forth in the Rules of Judicial Administration. Attached to the motion were numerous exhibits, including, in pertinent part, (1) a July 1, 2011, letter from El-Khalidi's counsel to AADC's counsel, which memorialized the parties' Rule 11 agreement concerning dismissal of AADC's then-pending lawsuit in federal court, El-Khalidi's agreement to AADC's motion to transfer venue of the case to Hardin county, and El-Khalidi's agreement to present himself for deposition in August or September of 2011; (2) El-Khalidi's affidavit of May 11, 2011, in which he explained that he is an American citizen who has resided in Saudi Arabia as a resident alien for forty-seven years while working for the U.S. government, and he founded AADC during said employment; (3) the aforementioned letter of May 9, 2012; (4) the notice of El-Khalidi's deposition for June 22, 2012; (5) the trial court's June 2012 order requiring El-Khalidi to appear for deposition on August 7, 2012; (6) an amended notice of El-Khalidi's deposition for August 7, 2012; (7) El-Khalidi's July 26, 2012, letter to AADC's counsel, stating that El-Khalidi is unable to leave Saudi Arabia "due to the pendency of his suit against AADC in the Saudi Arabian courts[,]" requesting that the deposition of El-Khalidi, as well as other depositions, take place in Jeddah, Saudi Arabia, and "insist[ing] that the mediation scheduled for August 9, 2012[,] be canceled[;]" and

4

(8) AADC's counsel's August 7, 2012, letter in response, in which counsel refused to conduct depositions in Saudi Arabia and advising that AADC intended to file a motion for sanctions seeking dismissal of El-Khalidi's claims with prejudice as a result of El-Khalidi's failure to appear for deposition as ordered by the trial court.

El-Khalidi filed a response to the motion, in which he alleged that his age and health conditions precluded him from traveling from Saudi Arabia for his deposition and contended that "[d]efendants' request that the Court summarily dismiss his claims has no validity under Texas law and [d]efendants have utterly failed to show any basis which would justify such an order . . . ." In addition, El-Khalidi asserted that "his ability to travel is controlled by [d]efendants as they must authorize his exit from and re-entry into Saudi Arabia." El-Khalidi's response did not address appellees' argument concerning his alleged failure to comply with the Texas Rules of Judicial Administration in prosecuting his claim or his alleged lack of diligence in prosecuting his claim.

El-Khalidi filed an affidavit on July 17, 2013. In that affidavit, El-Khalidi averred, among other things, that he discovered zinc, gold, silver, copper and nickel after obtaining a mineral reconnaissance permit in Saudi Arabia as a cover for his clandestine operations there as a member of the CIA. El-Khalidi also filed an affidavit that purported to authenticate copies of numerous documents. After

5

conducting a hearing, the trial judge signed an amended order granting the motion to dismiss for want of prosecution and dismissing without prejudice all of El-Khalidi's claims against appellees on July 24, 2013.

## ISSUE ONE

In his first issue, El-Khalidi argues the trial court abused its discretion by dismissing his claims for want of prosecution. We review a trial court's decision to dismiss a case for want of prosecution under an abuse of discretion standard. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or when it acts without reference to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). In determining whether a trial court abused its discretion by dismissing a case for want of prosecution, we examine the record in its entirety. *Olin Corp. v. Coastal Water Auth.*, 849 S.W.2d 852, 856 (Tex. App.—Houston [1st Dist.] 1993, no writ).

A trial court can dismiss a case for want of prosecution when a party seeking affirmative relief fails to appear at a hearing or at trial, the case is not disposed of within the time standards established by the Texas Supreme Court, or the trial court finds that the case has not been prosecuted with due diligence. *Villareal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). Rule 6.1(b)(1) of

the Rules of Judicial Administration requires district court judges to dispose of civil jury cases, other than family law matters, "[w]ithin 18 months from appearance date." Tex. R. Jud. Admin. 6.1(b)(1), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. F app. (West 2013).

As discussed above, El-Khalidi filed his original petition on August 2, 2011. AADC filed its first amended answer on September 14, 2011, and the trial court signed its amended order dismissing El-Khalidi's claims on July 24, 2013. According to the time standards contained in Rule 6.1(b)(1) of the Rules of Judicial Administration, El-Khalidi's case against AADC should have been disposed of within eighteen months from the date of AADC's appearance. *See id.* 6.1(b)(1). Therefore, under Rule 6.1(b)(1) of the Rules of Judicial Administration, El-Khalidi's case should have been disposed of by March 14, 2013, *i.e.* eighteen months from September 14, 2011. *See id*. Because more than eighteen months had passed since AADC filed its answer, the trial court did not err by dismissing El-Khalidi's claims against AADC for want of prosecution.[4]

We now turn to the dismissal of El-Khalidi's claims against Carter and Goehringer for want of prosecution. Under the common law, the trial court

---

[4]Because AADC's original answer is not contained in the appellate record, we use the date of AADC's amended answer in addressing whether the case against AADC had been disposed of within the time standards set forth in Rule 6.1(b)(1) of the Rules of Judicial Administration.

7

possesses the inherent power to dismiss, independent of its authority under Rule 165a of the Texas Rules of Civil Procedure, when a plaintiff does not prosecute his case with due diligence. *Villarreal*, 994 S.W.2d at 630. A plaintiff is "reasonably diligent" if he acted as an ordinary, prudent person would have acted under the same or similar circumstances. *Manning v. North*, 82 S.W.3d 706, 713 (Tex. App.—Amarillo 2002, no pet.).

Goehringer filed his answer on June 11, 2012, and Carter filed his answer on July 24, 2012. The record in this case reflects that with the exception of El-Khalidi's petition and response to the counterclaim, almost all of the activity in the case consisted of the appellees' efforts to mediate the case, to obtain written discovery from El-Khalidi, to obtain sanctions against El-Khalidi, and to take El-Khalidi's deposition, and El-Khalidi's attempts to avoid appearing for deposition in Texas and to avoid answering discovery. On this record, the trial court could reasonably have concluded that El-Khalidi had failed to prosecute his claims against Goehringer and Carter with due diligence. *See Villarreal*, 994 S.W.2d at 630. Therefore, the trial court did not err by dismissing El-Khalidi's claims against Goehringer and Carter for want of prosecution. Accordingly, we overrule issue one. Because we hold that the trial court did not err by dismissing El-Khalidi's claims against appellees for want of prosecution, we need not address El-Khalidi's

second issue, in which he asserts that no other basis supports the trial court's decision. We affirm the trial court's order dismissing El-Khalidi's claims against appellees for want of prosecution.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on May 1, 2014
Opinion Delivered May 22, 2014

Before McKeithen, C.J., Kreger and Horton, JJ.

9