**Gertrude WILLIAMS et al., Appellants,**

v.

**VETERAN'S LAND BOARD of the State of Texas et al., Appellees.**

**No. 12397.**

Court of Civil Appeals of Texas, Austin.

March 17, 1976.

Rehearing Denied April 28, 1976.

John G. Angell, Seguin, for appellants.

Aubrey H. Fielder, Lockhart, for appellees.

SHANNON, Justice.

This is an appeal from the judgment of the district court of Caldwell County dismissing a suit for want of prosecution. We will reverse that judgment.

In April, 1968, appellant, Gertrude Williams, and others, filed a trespass to try title suit concerning the title to eighty-one acres near Luling. The appellees, the Veteran's Land Board of the State of Texas, J. M. Fairchild, Lyda M. Fairchild, and Monroe Fairchild, made timely appearance.

By the summer of 1975, appellants had made no effort to bring the case to trial. The only activity generated in the case thereafter was at the instance of the trial court. In June of 1975, the district clerk notified appellants' counsel that the suit had been transferred to the "drop docket," and that the suit would be dismissed on July 18, unless good cause was shown. The time for dismissal was extended to August 18, and, thereafter, a hearing was set for September 5, on a plea in bar asserted by appellees.

On September 5, appellees' counsel appeared, but appellants' counsel did not. Nevertheless, a number of the appellants were present in the courtroom. One appellant, Nan Huddleston, told the court that their attorney had informed appellants the preceding afternoon that ". . . he just couldn't be here."

After a colloquy among Nan Huddleston, counsel for appellees, and the court, the court dismissed the case for want of prosecution. The order dismissing the suit was signed on September 5, 1975. Thereafter appellants obtained other counsel who prepared and filed on October 1, 1975, a motion for reinstatement. On October 2, 1975, the district court denied the motion to reinstate without a hearing.

The authority to dismiss for want of prosecution is found in Tex.R.Civ.P. 165a.[1] That rule provides in part that, "A case may be dismissed for want of prosecution on failure of any *party* seeking affirmative relief *or* his *attorney* to appear for any hearing or trial [docket call] of which he had notice . . ." (Emphasis added) As previously mentioned, the appellants *were* present for the hearing.

We recognize that the passage of over seven years and four months presents a substantial impediment to the full and fair determination of the facts in the case. See *Southern Pacific Transportation Company v. Stoot*, 530 S.W.2d 930 (Tex.1975). We also appreciate the difficulties of the district court in attempting to bring the case to trial. Nevertheless, the parties were present at trial, and according to their motion to reinstate, the absence of their counsel was not at their choice. Under those circumstances, Rule 165a did not authorize a dismissal for want of prosecution.

The judgment is reversed and the cause is remanded to the district court.

Reversed and Remanded.

---

1. Rule 165a was amended effective January 1, 1976. The phrase "or docket call" was deleted in the quoted sentence.