VETERANS' LAND BOARD of the State of Texas et al., Petitioners,

v.

Gertrude WILLIAMS et al., Respondents.

No. B–6052.

Supreme Court of Texas.

Oct. 27, 1976.

Brown, Maroney, Rose, Baker & Barber, Robert L. Davis, Austin, for petitioners.

John G. Angell, Seguin, for respondents.

not included in the injunction as issued by the 60th Court.

PER CURIAM.

This case involves a question of abuse of discretion in dismissal for want of prosecution. The plaintiffs, Gertrude Williams, et al., brought a trespass to try title suit against the defendant, Veterans' Land Board in April 1968. An answer was filed, but the plaintiffs made no effort during the succeeding seven and one-half years to bring this suit to trial. During the summer of 1975, the District Court, on its own accord, set three "show cause" hearings during which the seven-year delay could have been explained. Plaintiffs requested postponements in regard to each of the first two hearings. The District Court dismissed the case for want of prosecution when, on September 5, 1975, plaintiffs' attorney failed to attend the third hearing scheduled on the matter. Plaintiffs were present in the court but declined to proceed and offered no explanation for the seven-year delay. Plaintiffs stated only that their attorney had called them the day before to say he could not be present.

Plaintiffs filed a motion for reinstatement, but failed to request a hearing on the motion. No reasons have been tendered to the trial court, to the Court of Civil Appeals, or to this Court for the attorney's failure to attend the hearing, or for the seven-year delay.

The Court of Civil Appeals reversed the judgment of the trial court and remanded the cause. 535 S.W.2d 209. The Court stated that:

> The authority to dismiss for want of prosecution is found in Tex.R.Civ.P. 165a. That rule provides in part that, "A case may be dismissed for want of prosecution on failure of any *party* seeking affirmative relief *or his attorney* to appear for any hearing or trial [docket call] of which he had notice . . . " As previously mentioned, the appellants *were* present for the hearing.
>
> \* \* \* \* \* \*
>
> We also appreciate the difficulties of the district court in attempting to bring the case to trial. Nevertheless, the parties were present at trial, and according to

their motion to reinstate, the absence of their counsel was not at their choice. Under these circumstances, Rule 165a did not authorize a dismissal for want of prosecution.

Rule 165a is not the exclusive authority by which the trial court derives its authority or discretion to dismiss a cause for want of prosecution. Rule 165a provides in the last paragraph that:

> "This dismissal and reinstatement procedure shall be cumulative, independent of, and unaffected by the rules and laws governing any other procedures available to the parties in such cases."

We have held that a court has the inherent power to dismiss a suit for failure to prosecute it with due diligence even without statutory or rule authority. *Bevil v. Johnson,* 157 Tex. 621, 307 S.W.2d 85 (1957); *First National Bank of Houston v. Fox,* 121 Tex. 7, 39 S.W.2d 1085 (1931). The First Court of Civil Appeals, in a case handed down since Rule 165a became effective, correctly cited *Bevil v. Johnson, supra,* as authority for holding that a trial court has the inherent right to dismiss a suit for want of prosecution, such matter being within its judicial discretion, subject to review only upon a clear showing of abuse. *Sandstrum v. Magruder,* 510 S.W.2d 388 (Tex.Civ.App. —Houston [1st] 1974), writ ref'd n. r. e.

In *Bevil v. Johnson,* there was no abuse of discretion in dismissing a case which had remained on the docket for eight years without satisfactory explanation from plaintiff as to the delay.

This Court, in *Bevil,* commented as to the diligence required, "Where the defendant in a suit is called to answer and has responded to the call, the duty devolves on the plaintiff to proceed in prosecuting the suit to a conclusion with *reasonable diligence* . . . ." [Emphasis ours.]

In the present case there has been a seven and one-half year delay with no explanation. Plaintiff has not satisfied the requirement of "reasonable diligence." There has been no abuse of discretion in the trial court.

We regard the holding of the Court of Civil Appeals as being in conflict with Rule 165a and *Bevil v. Johnson, supra.* Pursuant to Rule 483, Texas Rules of Civil Procedure, the application for writ of error of Veterans' Land Board is granted; and, without hearing argument, the judgment of the Court of Civil Appeals is reversed, and the judgment of the trial court is affirmed.