**Boni COVEN, Appellant,**

v.

**Larry DAILEY, et al., Appellees.**

No. 13601.

Court of Appeals of Texas, Austin.

May 4, 1983.

Rehearing Denied June 8, 1983.

Bob Andrews, Austin, for appellant.

J. Stockton Williams, Jr., Karen Parker, Stubbeman, McRae, Sealy, Laughlin & Browder, Inc., Austin, for appellees.

Before PHILLIPS, C.J., and POWERS and GAMMAGE, JJ.

POWERS, Justice.

Boni Coven appeals the trial court's dismissal of her suit against Larry Dailey and Glynda Mints, deceased, seeking to recover money damages for personal injuries sustained in a one-car accident on March 14, 1979. We will affirm the judgment of the trial court.

The trial court, on its own motion and after hearing, dismissed appellant's suit for want of prosecution, under the court's inherent power to do so. *See Veterans' Land Board v. Williams,* 543 S.W.2d 89, 90 (Tex.1976); *Bevil v. Johnson,* 157 Tex. 621, 307 S.W.2d 85, 87 (Tex.1957); *cf.,* Tex.R. Civ.P.Ann. 165a (1979). While appellant brings to this Court seventeen separately stated points of error, we believe they all reduce to the single issue of whether the trial court abused its discretion. *Veterans' Land Board v. Williams, supra.* The record before us contains no findings of fact or conclusions of law, although the record does reflect that such were requested. Nevertheless, the record does not indicate that appellant brought the matter to the attention of the trial judge in writing; hence, appellant may not complain on appeal of the absence of findings of fact and conclusions of law. Tex.R.Civ.P.Ann. 297 (Supp. 1982).

Appellant was obliged to prosecute her claim to judgment with reasonable diligence and if she failed to do so, the trial court had inherent power to take the action it did. *Veterans' Land Board v. Williams, supra; Bevil v. Johnson, supra.* The necessary implication of the trial court's dismissal of her suit is its finding that she did not prosecute her claim with reasonable diligence, a finding we find to be amply supported by the evidence.

Appellant filed her suit on March 26, 1979, complaining of the negligence of Dailey in his operation of an automobile in which appellant was a passenger when it overturned; and complaining that Mints, the owner of the automobile, was negligent in entrusting her automobile to Dailey. By July 16, 1979, Dailey and Mints had each appeared and answered in the suit; Mints and appellant had each served answers to written interrogatories propounded to them. The record on appeal does not re-

flect any activity in the suit for about a year.

■ On July 8, 1980, Mints died and on October 1, 1980, her attorney of record filed in the suit a suggestion of death with a certified copy of the death certificate attached. Included in the pleading was a statement that the attorney believed that Mints' sole heir at law was her minor son, about 10 years of age, whose name was unknown to the attorney. The effect of Mints' death was to substitute her legal representative in her place to defend appellant's suit. It was therefore appellant's duty to cause the clerk to issue the scire facias contemplated by Tex.R.Civ.P.Ann. 152 (1979). The court could not proceed in the absence of Mints' legal representative and appellant was entitled to a reasonable time after Mints' death to cause the clerk to issue such process. *Morris v. Drescher*, 123 S.W.2d 958, 959 (Tex.Civ.App.1939, writ ref'd). The record on appeal reflects that appellant's attorney of record was furnished a copy of the suggestion of death contemporaneously with its filing by Mints' attorney of record; that the same was set for a "hearing" on October 16, 1980, with notice to appellant's attorney of record, and that the hearing was indeed held in open court on that day and the suggestion ordered "filed." Appellant has done nothing since that time, so far as the record reflects, to cause the clerk to issue scire facias requiring Mints' legal representative to defend the suit.

Early in 1981, the case was set for trial before a jury on May 18, 1981. The record reflects the subsequent filing of numerous pleadings by appellant on May 14, 1981, a few days before trial: a second motion for continuance; a "conditional" motion to sever the claims against the two defendants if a continuance were not granted; an "additional" motion for continuance; and a motion that Mints' attorney, under Tex.R.Civ. P.Ann. 12 (Supp.1982), show her authority to act in the case. On the day set for trial, appellant also filed a motion for appointment of a guardian of Mints' minor child, who had not been served with process in the suit; indeed, none had issued. The gist of all of the foregoing is that appellant required a continuance of the May 18, 1981 trial setting owing to various reasons; that appellant had had various attorneys representing her in the suit and had not been able to obtain her file from one of them; that additional time was required to gather evidence; that "no writ of scire facias was ever gotten out against any personal representative or heir of" Mints; and that appellant was not mentally and physically prepared for the trial. The motion for continuance was overruled on May 14, 1980.

The case was called for trial on May 18, 1980 and the remaining motions were brought to the attention of the trial court, as well as appellant's failure to give Dailey, the surviving defendant, notice of the trial setting. Dailey was not present when the case was called for trial. The trial court overruled all of the remaining motions and stated that he intended to dismiss the suit for want of prosecution. The trial court set for June 19, 1980 a hearing on that issue, requiring appellant then to show cause why her case should not be dismissed. The trial court's order of dismissal recites that on June 19, 1980, appellant appeared in person and by her attorney of record, tendering evidence and making argument why the suit should not be dismissed for want of prosecution; and that having considered such evidence and argument, the court ordered the suit dismissed.

■ Having read the transcript of the hearing of June 19, 1980 we find that appellant's tendered evidence consisted primarily of evidence directed at the poor mental and physical health of appellant, that is, the same matters asserted in her motions for continuance and other pleadings mentioned above, which the trial court had overruled or found to be waived, none of which is assigned as error on appeal. Appellant offered no justification for failing to give Dailey notice of the trial setting and none for failing to cause process to be served on Mints' legal representative, even after the trial court stated on May 19, 1980 that he would require appellant to show cause on

June 19, 1980 why the case should not be dismissed for want of prosecution on that very ground. Curiously, appellant's counsel stated to the trial court that he believed he would be in contempt of court if he caused process to issue to Mints' legal representative. With respect to the period of time preceding May 19, 1980, the attorney for appellant stated that his evidence would show that appellant's mental and physical problems had been the cause of failing to require Mints' representative to be served with process, and, presumably, had resulted in the failure to notify Dailey of the trial. The record reflects that the appellant was represented by counsel at all material times and with respect to those times when she was not, there is almost no evidence showing diligence on her part in obtaining counsel. Appellant's counsel admitted that appellant's health problems did not rise to the level of rendering her incompetent to handle her affairs. We may not say from the tendered evidence that the trial court's implied finding of a want of reasonable diligence in prosecuting the suit is so against the overwhelming preponderance of the evidence as to be clearly wrong, or that the trial court abused its discretion in dismissing the suit.

We therefore affirm the judgment of the trial court.