Charlene McCORMICK, Individually; Roger McCormick and Charlene McCormick, a/n/f Lorri McCormick, Appellants,

v.

SHANNON WEST TEXAS MEMORIAL HOSPITAL, et al., Appellees.

No. 13856.

Court of Appeals of Texas, Austin.

Jan. 25, 1984.

Rehearing Denied Feb. 29, 1984.

David M. Oualline, Houston, for appellants.

George S. Finley, Smith, Davis, Rose, Finley & Hofmann, San Angelo, for Don W. Armstrong, M.D., W. Welby Cox, M.D., and T. Karman Weatherby, M.D.

Susan Cardwell, Ann Pate Watson, Hill & Parker, Houston, for Bill Bass, Jr., M.D.

James B. Galbraith, McLeod, Alexander, Powel & Apffel, Galveston, for Shannon West Texas Memorial Hosp.

Before SHANNON, POWERS and BRADY, JJ.

SHANNON, Justice.

Charlene McCormick and others appeal from the order of the district court of Tom Green County refusing to reinstate a previously dismissed cause. Appellants insist that the district court's order should be reversed and the cause reinstated. This Court will affirm the order of the district court.

Appellants, acting through their counsel, Sandra Thomas, filed suit in the district court in Galveston County on October 3, 1980. On February 23, 1981, the lawsuit was transferred, by the agreement of all parties, to the district court of Tom Green County, where it was refiled on March 20, 1981. Because there had been no activity in the lawsuit, the court placed the cause on a "dismissal docket" on October 30, 1981.

Thereafter, appellants' counsel, Thomas, filed a motion seeking an order that the court not dismiss the case for want of prosecution, but instead retain the case on the active docket of the court. In response, on November 23, 1981, the trial court signed an order reinstating the case and providing as follows:

> On this day for good cause this case heretofore placed on the Dismissal Docket is removed from said Dismissal Docket

and reinstated on the active docket of this Court.

This order reinstating the case on the active docket is made on condition that *some dispositive action* be taken not later than January 15, 1982; *failure to do so will make this case subject to summary dismissal without further notice to the parties.* [emphasis added]

A copy of this order was mailed to appellants' attorney-of-record at her law firm's address, forwarded by the post office to a new address, and received by Thomas' law partner, David M. Oualline, between November 23 and December 12, 1981, and was placed in the lawsuit's file.

Thereafter, appellants took no action in the lawsuit, "dispositive" or otherwise. As a result, the district court on March 4, 1982, signed an order dismissing the lawsuit for want of prosecution. The district clerk sent notice of the order of dismissal to appellants' attorney-of-record, but the notice was returned by the post office with the notation that it was not delivered.

As we understand from the sparse record, the district court in handling this case followed the dismissal procedures set out by the local rules of the district courts of Tom Green County.

In May, 1982, one of the defendants filed a motion for summary judgment in the suit. The court replied by letter, a copy of which was received by attorney Oualline on July 19, 1982. The court's letter, dated July 15, 1982, related that the court had dismissed the lawsuit for want of prosecution and that the court was of opinion that it no longer had jurisdiction to act on the motion for summary judgment.

On July 29, 1982, appellants filed a motion seeking reinstatement of the cause pursuant to Tex.R.Civ.P. 165a. After hearing, on August 23, 1982, the trial court signed an order overruling appellants' motion to reinstate.

Appellants attack the district court's orders dismissing the lawsuit and refusing to reinstate it upon the basis, in part, that the court in rendering those orders failed to follow the procedure mandated by Rule 165a.

■ Rule 165a is not the exclusive source from which the trial court derives its authority to dismiss a lawsuit for want of prosecution. A court has the inherent power to dismiss a lawsuit for failure to prosecute it with due diligence separate and apart from statutory or rule authority. *Veterans' Land Bd. v. Williams,* 543 S.W.2d 89 (Tex.1976); *Bevil v. Johnson,* 157 Tex. 621, 307 S.W.2d 85 (1957); *Coven v. Dailey,* 652 S.W.2d 527 (Tex.App.1983, writ ref'd n.r.e.). Due process requires that notice be afforded a party before the court exercises its inherent power to dismiss for want of prosecution. *See Rotello v. State,* 492 S.W.2d 347 (Tex.Civ.App.), writ ref'd n.r.e., 497 S.W.2d 290 (Tex.1973). The court's exercise of its inherent power to dismiss for want of prosecution is subject to reversal only upon a clear showing of abuse of discretion. *Veterans' Land Bd. v. Williams, supra; Coven v. Dailey, supra.*

■ The case now on appeal was dismissed by the district court about three years and seven months after the occurrence made the basis for the suit. Suit was filed in the district court of Galveston County in October 1980 and then transferred by agreement to the district court of Tom Green County in March, 1981. The lawsuit had been pending in Tom Green County for eight months when the court on November 23, 1981 notified appellants' attorney-of-record that the case was subject to dismissal after January 15, 1982. The court's order of that date provided that "some dispositive action" be taken before January 15, 1982 or that the lawsuit would be subject to dismissal without further notice. Appellants' counsel did not reply nor did she respond by taking any steps in moving the case toward trial; in fact, appellants' counsel departed the state without taking further action on the case. Although counsel abandoned her representation of appellants, she failed to file with the court a motion to substitute counsel. Counsel's former law partner, Oualline,

however, received the file and assumed responsibility for appellants' representation.

The November 23, 1981, order adequately apprised appellants' attorney-of-record that some "dispositive action" must be taken in the case before January 15, 1982 or else the lawsuit would be subject to summary dismissal without further notice to the parties. *Rotello v. State, supra.* Yet appellants' counsel did *nothing* in the lawsuit before January 15, 1982 or for months thereafter. As a result, this Court is not called upon to determine what act by counsel would constitute some "dispositive action" under the terms of the order.

Delay haunts the administration of justice. It postpones the rectification of wrong and the vindication of the unjustly accused. It crowds the dockets of the courts, increasing the costs for all litigants, pressuring judges to take short cuts, interfering with the prompt and deliberate disposition of those causes in which all parties are diligent and prepared for trial, and overhanging the entire process with the pall of disorganization and insolubility. But even these are not the worst of what delay does. The most erratic gear in the justice machinery is at the place of fact finding, and possibilities for error multiply rapidly as time elapses between the original fact and its judicial determination. If the facts are not fully and accurately determined, then the wisest judge cannot distinguish between merit and demerit. If we do not get the facts right, there is little chance for the judgment to be right. *Southern Pacific Transportation Co. v. Stoot,* 530 S.W.2d 930, 931 (Tex.1975).

The district courts of Tom Green County recognized the problem of delay, took responsibility for the condition of their dockets, and took steps by rule to avoid the mischiefs of protraction. The passage of three years and seven months presented substantial impediments to the full and fair determination of the facts in this case or in any case. *Allen v. Bentley Laboratories, Inc.,* 538 S.W.2d 857 (Tex.Civ.App.1976, writ ref'd n.r.e.). In the case at bar, appellants made no effort whatsoever to bring the suit to trial, even in face of the notice in the November 23rd order. Under these circumstances, the district court did not abuse its discretion in dismissing the suit for want of prosecution.

The order of the district court is affirmed.

POWERS, Justice, dissenting.

I respectfully dissent because appellants were denied due process of law when their suit was dismissed *sua sponte* and without notice and an opportunity for hearing. *Rotello v. State,* 492 S.W.2d 347 (Tex.Civ. App.), writ ref'd n.r.e., 497 S.W.2d 290 (Tex.1973).

Appellants' motion to reinstate their suit was filed "pursuant to Rule 165a of the Texas Rules of Civil Procedure." The hearing on appellants' motion was directed at issues determinable under Rule 165a, primarily whether the notice which preceded dismissal of appellants' suit was sufficient to meet the requirements of that Rule. The trial court, in dismissing the cause for want of prosecution, could quite clearly *not* do so on the basis of Rule 165a for the reason that the procedure specified therein for notice and hearing was *not* followed in the present case. Understandably, then, to uphold the order of dismissal one *must* resort to the trial court's inherent power to dismiss a cause when it is not prosecuted with reasonable diligence.

The inherent power of the trial court to dismiss a cause, when it is not prosecuted with reasonable diligence, is obvious and admitted. However, one observes that in each of the citations to which the majority refer, dismissal followed notice and a hearing where the plaintiff was afforded an opportunity to "show cause" why his suit should not be dismissed, either for a general lack of diligence or for a failure to take some action previously directed by the trial court. *Veterans' Land Bd. v. Williams,* 543 S.W.2d 89, 90 (Tex.1976); *Bevil v. Johnson,* 157 Tex. 621, 307 S.W.2d 85, 86 (1957); *Coven v. Dailey,* 652 S.W.2d 527, 529 (Tex.App.1983, writ ref'd n.r.e.). No

such opportunity was given appellants in the present case.

The record before us reflects that appellants' suit was, by order of the trial court, expressly *taken from* the "dismissal docket" and placed again on the "active docket," albeit on a "condition that some dispositive action be taken not later than January 15, 1982." The order purports then to provide that the suit, although pending on the "active docket," would be subject to "summary dismissal without further notice to the parties" in the event "some dispositive action" is not so taken. Therein lies the vice. *Summary* dismissal could not constitutionally be ordered; that is, appellants' suit could not constitutionally be dismissed without first giving them an opportunity to explain *why* "some dispositive action" had not been taken before January 15, 1982. *Rotello v. State, supra.*

The circumstances of the *Rotello* case are very similar to those of the present case. There, "all attorneys" practicing in the trial court's judicial district had been mailed a letter warning them that all pending suits filed before January 1, 1970 would be dismissed for want of prosecution on January 4, 1972 unless, before that date, "an amended pleading is filed therein or a letter is received requesting that said case remain on the docket." Rotello's pending case had been filed before January 1, 1970 and was therefore subject to dismissal under the terms of the letter. No amended pleading was filed in Rotello's case nor was a letter received requesting that it remain on the docket. Accordingly, on January 12, 1972, Rotello's case, along with 249 others, was by a single order dismissed for want of prosecution. The order recited no basis for the dismissal. The Court of Civil Appeals wrote:

> The judgment [of dismissal] does not show by recital that this case was set down for trial, or that it was placed on a dismissal docket by the trial judge, or that notice of any such action was given to appellants or their attorneys. *There was nothing in the record on the date this appeal was perfected reflecting that appellants were afforded an opportunity to explain the delay in bringing the case to trial prior to its dismissal from the docket. Due process requires that adequate notice of such a hearing be given appellants before the judgment was rendered dismissing their suit.* [citations omitted]

492 S.W.2d at 349 (emphasis added).

In refusing application for writ of error, no reversible error, the Supreme Court of Texas wrote as follows in *Rotello:*

> *In our opinion the record affirmatively shows that plaintiff and his attorney were not given proper notice prior to dismissal of the case.* The application for writ of error is refused, no reversible error, but we are not to be understood as approving the holding of the Court of Civil Appeals, if it did so hold, that a case may not properly be dismissed for want of prosecution unless it has first been set for trial, or that the failure to set for trial affects the showing that must be made to obtain a reversal when the order of dismissal is subjected to a direct attack by appeal or writ of error.

497 S.W.2d at 291 (emphasis added). Thus, the Supreme Court affirmed the fundamental holding of the Court of Civil Appeals that dismissal for want of prosecution can only *follow* notice and an opportunity to be heard relative to any explanation the plaintiff may have for his apparent want of diligence, a principle previously established in *Callahan v. Staples,* 139 Tex. 8, 161 S.W.2d 489, 491 (1942) and the other decisions cited by the Court of Civil Appeals. And, of course, the interests of judicial efficiency and the provisions of "local rules" may not be allowed to dilute the requirements of due process to less than the irreducible minimum implicit in the Constitutional guaranty of due process of law—prior notice and hearing in this instance.

While the majority quite properly cite *Rotello,* they do so only as an abstract legal proposition—due process of law requires prior notice and a hearing before a trial court may dismiss a cause for want of

prosecution. However, the majority then proceed to ignore the application of that requirement in this case where the trial court, *sua sponte*, dismissed appellants' suit *without* affording them notice and an opportunity to be heard to explain, if they could, why "some dispositive action" had not been taken before January 15, 1982. If we are going to rely upon the trial court's inherent power to dismiss a cause for want of prosecution, we must take the doctrine in its entirety, including the requirement of *prior* notice and an opportunity for hearing as to any explanation appellants may have. Because this requirement was manifestly not met in the present case, I would reverse the judgment below and remand the cause to the trial court.