TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00381-CV






Daisy Burton, Appellant



v.



Renee Hoffman, Appellee






FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY


NO. 230,049, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING 






 Appellant, Daisy Burton, sued appellee, Renee Hoffman, for injuries sustained when
Hoffman allegedly backed into Burton's car at a grocery store parking lot. On the date the case was set
for trial, an associate from the firm representing Burton appeared in court but refused to proceed when the
case was called. The trial judge dismissed Burton's case for want of prosecution. We will affirm.


STATEMENT OF FACTS 

 Burton's attorney had two cases set for trial on the same date. Both Burton's case and
a case set in Dallas County apparently had been set weeks in advance and were scheduled for trial on
Monday, April 7, 1997. On the Friday afternoon before the Monday trial settings, Burton's attorney
learned that both cases most likely would be called first on their respective court dockets. Faced with this
possibility, the attorney filed a motion for continuance in Burton's case, stating as grounds the conflicting
trial dates. (1) The attorney then arranged for an associate in his firm to appear in court in Travis County on
Monday to present the motion and obtain a ruling. Come Monday, the attorney proceeded with the other
trial in Dallas County, while his associate appeared in court on behalf of Burton in Travis County. The trial
court denied Burton's motion for continuance and called the case for trial. The associate, however,
announced not ready and refused to proceed with the prosecution. (2) After a hearing, the trial court ordered
the case dismissed for want of prosecution. Burton now appeals the trial court's order, complaining of both
lack of notice to dismiss and the trial court's failure to reinstate the case. (3) We will overrule the points of
error and affirm the order.


DISCUSSION

 In her first point of error, Burton avers that the trial court erred when it dismissed her case
because it failed to give her any notice of the court's intent to dismiss as required by Texas Rule of Civil
Procedure 165a. Under authority afforded it by Rule 165a(1), a trial court may dismiss a case for failure
to appear at trial or a hearing, and the clerk is required to send notice of the court's intention to dismiss and
the date and the place of the dismissal hearing to the attorney of record. See Tex. R. Civ. P. 165a(1). Rule
165a, however, is not the only authority by which a trial court may dismiss a case. A trial court also has
the inherent power to dismiss. See Veteran's Land Bd. v. Williams, 543 S.W.2d 89, 90 (Tex. 1976). 
Pursuant to its inherent power, the court may dismiss a lawsuit for failure to prosecute it with due diligence
separate and apart from statutory or rule authority. See Veteran's Land Bd., 543 S.W.2d at 90;
McCormick v. Shannon W. Texas Memorial Hosp., 665 S.W.2d 573, 575 (Tex. App.--Austin 1984,
writ ref'd n.r.e). In fact, one of the fundamental powers possessed by a trial court is the power to dismiss
a case when a litigant refuses to prosecute. See Bevil v. Johnson, 307 S.W.2d 85, 87 (Tex. 1957); Miller
v. Kossey, 802 S.W.2d 873, 877 (Tex. App.--Amarillo 1991, writ denied); Buchanan v. Masood, 631
S.W.2d 219, 221 (Tex. App.--Amarillo 1982, no writ). The ability to dismiss is subject to review under
the abuse of discretion standard. See MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex. 1997); Veteran's
Land Bd., 543 S.W.2d at 90. 

 Here, the associate representing the plaintiff appeared in court on the day the case was set
for trial but refused to proceed when the case was called. As grounds for dismissal, the trial court noted
that appellant announced not ready for trial when the case was called and declined to put forth any
evidence when given the opportunity. Consequently, we conclude that appellant's case was not dismissed
for want of prosecution due to failure to appear pursuant to rule 165a(1); rather, the case was dismissed
for want of prosecution due to failure to proceed. In addition to any other basis, the trial court could,
therefore, dismiss the case pursuant to its inherent power to dispose of cases in which the litigant refuses
to go forward without regard to rule 165a. Accordingly, the trial court did not abuse its discretion in
dismissing Burton's case.

 Nevertheless, it appears from the appellate record that Burton did have notice of the trial
court's intent to dismiss. The trial court did not sign the order dismissing the case until after a later hearing
on Burton's motion to reconsider the dismissal and/or reinstate the case. Presumably, Burton had notice
of the court's intent to dismiss and the date and the place of this hearing as she appeared for the hearing
and argued her dual motion for reconsideration of the dismissal and motion to reinstate the case. Point of
error one is overruled.

 In her second point of error, Burton complains that the trial court erred when it refused to
reinstate her case because her failure to appear for trial was not intentional or the result of conscious
indifference. (4) A motion to reinstate a case dismissed for want of prosecution is addressed to the sound
discretion of the trial court. See Eustice v. Grandy's, 827 S.W.2d 12, 14 (Tex. App.--Dallas 1992, no
writ). The court may consider the entire history of the proceeding in determining whether to reinstate the
action. Id. Appellate review of the trial court's decision is limited to abuse of discretion. Smith v.
Babcock & Wilcox Constr. Co., 913 S.W.2d 467, 468 (Tex. 1995).

 Based on the language of the point of error, we assume that Burton is arguing that the trial
court should have applied the reinstatement standard set forth in Rule 165a(3) when deciding whether to
reinstate the case. (5) According to this rule, the court shall reinstate the case upon finding after a hearing that
the failure of the party or his attorney was not intentional or the result of conscious indifference but was due
to an accident or mistake or that the failure had been otherwise reasonably explained. See Tex. R. Civ.
P. 165a(3). However, appellate courts have held that this rule applies only to dismissals for failure to
appear at trial or other hearing and does not apply to cases dismissed for failure to proceed. See Clark
v. Yarbrough, 900 S.W.2d 406, 408-409 (Tex. App.--Texarkana 1995, writ denied) (reinstatement
provision of Rule 165a(3) applies only to dismissals for failure to appear at trial or a hearing); Eustice, 827
S.W.2d at 14 (Rule165a(3) is applicable only to cases dismissed for want of prosecution because of failure
of an attorney or party to appear for trial); Goff v. Branch, 821 S.W.2d 732, 733 (Tex. App.--San
Antonio 1991, writ denied) (reinstatement provision of Rule 165a only governs cases dismissed because
of failure of party to appear or make an announcement); Ozuna v. Southwest Bio-Clinical Lab., 766
S.W.2d 900, 903 (Tex. App.--San Antonio 1989, writ denied) (reinstatement provision applies solely to
dismissals for failure to appear at trial or other hearing). We are inclined to follow this approach. Since
we previously have concluded that Burton's case was dismissed for want of prosecution due to failure to
proceed, the reinstatement provision of 165a(3) pertaining to cases dismissed for failure to appear does
not apply.

 Moreover, Burton had knowledge that the trial settings conflicted yet waited until the Friday
afternoon before the Monday setting to take action. Even then, the action taken hinged on the presumption
that the trial court would grant a last minute continuance. Despite the likelihood that the trial court would
deny the continuance, the attorney did not prepare his associate to pursue the case. Furthermore, the
parties represented in briefs and at oral argument that Burton had sued the wrong defendant, that appellee
was not involved in the car accident made the basis of this action, and that Burton admitted this fact to the
trial court in her first motion for continuance. Under these circumstances, we cannot say that the trial court
abused its discretion in refusing to reinstate the cause against one having no liability. Burton's second point
of error is overruled.

CONCLUSION

 Finding no abuse of discretion in the trial court's ruling, we overrule both points of error. 
The order of the trial court is affirmed.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: January 8, 1998

Publish
1. This was Burton's second motion for continuance. The week before Burton had sought a
continuance after she learned that she had sued the wrong party. The trial court denied her request.
2. In his affidavit, the associate states that he was unprepared to try the case when it was called to
trial on April 7, 1997. Although the record does not reflect that the case was dismissed at this time, the
parties suggest that the trial court orally pronounced a dismissal upon the associate's failure to proceed. 
The order of dismissal was signed May 14, 1997.
3. Burton does not appeal the trial court's refusal to grant the motion for continuance.
4. Appellant filed a joint motion for reconsideration of dismissal for want of prosecution and/or
motion for reinstatement. While the appellate record contains this motion, it does not include any order by
the trial court disposing of the motion. Based on the statement of facts, it appears that the trial court orally
denied the motion to reinstate, but the record does not reflect a written order denying the motion. The
appellate record contains only the trial court's order for dismissal for want of prosecution, which, as noted
previously, was signed at the conclusion of the hearing on appellant's joint motion for reconsideration and
reinstatement.
5. Appellant's reliance on Smith v. Babcock & Wilcox Constr. Co., 913 S.W.2d 467 (Tex.
1995), further supports this interpretation. In Babcock, the supreme court addressed the issue of whether
a trial court abused its discretion in failing to reinstate a case in which the plaintiffs' attorney failed to appear
for trial. While similar, this case is distinguishable on its facts because it involved a dismissal for failure to
appear and not a dismissal for failure to proceed.



d 406, 408-409 (Tex. App.--Texarkana 1995, writ denied) (reinstatement
provision of Rule 165a(3) applies only to dismissals for failure to appear at trial or a hearing); Eustice, 827
S.W.2d at 14 (Rule165a(3) is applicable only to cases dismissed for want of prosecution because of failure
of an attorney or party to appear for trial); Goff v. Branch, 821 S.W.2d 732, 733 (Tex. App.--San
Antonio 1991, writ denied) (reinstatement provision of Rule 165a only governs cases dismissed because
of failure of party to appear or make an announcement); Ozuna v. Southwest Bio-Clinical Lab., 766
S.W.2d 900, 903 (Tex. App.--San Antonio 1989, writ denied) (reinstatement provision applies solely to
dismissals for failure to appear at trial or other hearing). We are inclined to follow this approach. Since
we previously have concluded that Burton's case was dismissed for want of prosecution due to failure to
proceed, the reinstatement provision of 165a(3) pertaining to cases dismissed for failure to appear does
not apply.

 Moreover, Burton had knowledge that the trial settings conflicted yet waited until the Friday
afternoon before the Monday setting to take action. Even then, the action taken hinged on the presumption
that the trial court would grant a last minute continuance. Despite the likelihood that the trial court would
deny the continuance, the attorney did not prepare his associate to pursue the