Garcia, et al. v. Barreiro, et al.














NUMBER 13-99-00762-CV




COURT OF APPEALS




THIRTEENTH DISTRICT OF TEXAS




CORPUS CHRISTI - EDINBURG


 



JUAN ANDRES GARCIA, ET AL., Appellants,



v.




ELI BARREIRO, ET AL., Appellees.

 



On appeal from the 92nd District Court of Hidalgo County, Texas.


 



O P I N I O N




Before Justices Hinojosa, Castillo, and Chavez (1)



Opinion by Justice Hinojosa




 Appellants, Juan Andres Garcia, individually and as president of Sun Down Homes, Inc., and Sun Down Homes, Inc.,
appeal from the trial court's dismissal of appellants' suit for failure to appear when the case was called for jury selection. In
a single point of error, appellants contend the trial court erred in dismissing their case. (2) We affirm.

A. Background and Procedural History


 On June 13, 1994, appellants sued the following appellees for fraud, conversion, breach of fiduciary duty, breach of
contract, and intentional infliction of emotional distress: (a) Eli Barreiro; (b) Juan Dominguez, individually and d/b/a
Valley Wide Bookkeeping and Tax Service; (c) Armando Solis, individually and d/b/a Solis Construction; (d) Damaso
Dominguez, individually and d/b/a South Texas Designs and Design Tech; (e) South Texas Designs; and (f) Design Tech. 
On May 14, 1999, the trial court set the case on the dismissal docket and provided notice to the parties. Appellants
subsequently filed a motion to retain the case on the docket and requested that the case be set for a jury trial. At the
dismissal hearing on May 26, 1999, the trial court granted appellants' motion to retain and set the case for trial on August
30, 1999.

 Eli Barreiro and Juan Dominguez filed motions for summary judgment on July 1, 1999 and July 30, 1999, respectively. 
The trial court granted both motions on August 27, 1999. 

 On August 11, 1999, the parties filed a joint motion for continuance, and the trial court granted the motion. Trial was reset
for September 27, 1999. On September 27, 1999, the trial court called the case for trial. Appellants' counsel was present
and moved for a continuance. The trial court denied the motion for continuance and told appellants' counsel to be ready to
select a jury at 3:30 that afternoon. When appellants' counsel did not appear for jury selection, appellees moved the court to
dismiss the case, and the trial court granted the motion and signed a written dismissal order. On October 27, 1999,
appellants filed a motion to reinstate the case on the trial court's docket, but the court refused to grant the motion. 

B. Standard of Review


 The standard of review of a dismissal for want of prosecution and a denial of a motion to reinstate is whether the trial court
committed a clear abuse of discretion. MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex. 1997); State v. Rotello, 671 S.W.2d
507, 509 (Tex. 1984); Nawas v. R&S Vending, 920 S.W.2d 734, 737 (Tex. App.-Houston [1st Dist.] 1996, no writ). The
test for abuse of discretion is whether the trial court acted without reference to guiding rules and principles, or whether the
trial court's actions were arbitrary and unreasonable. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42
(Tex. 1985). A reviewing court cannot conclude that a trial court abused its discretion simply because, in the same
circumstances, it would have ruled differently, or because the trial court committed a mere error in judgment. E.I. du Pont
de Nemours & Co. v. Robinson, 923 S.W.2d 549, 558 (Tex. 1995); Loftin v. Martin, 776 S.W.2d 145, 146 (Tex. 1989).

C. Issues Presented


 In their sole point of error, appellants broadly assert that the trial court erred in dismissing their case. Within their point of
error, appellants contend the trial court erred in dismissing their case because the trial court did not give them prior notice
that it intended to dismiss the case. Alternatively, appellants contend the trial court erred in refusing to grant their motion
to reinstate because their failure to appear was a mistake.

 "To adjudicate justly, fairly and equitably the rights of the litigants," we liberally construe appellants' point of error to
encompass the trial court's refusal to reinstate the case on the docket. Tex. Mexican Ry. Co. v. Bouchet, 963 S.W.2d 52, 54
(Tex. 1998);Williams v. Khalaf, 802 S.W.2d 651, 658 (Tex. 1990). 

D. Dismissal for Want of Prosecution


 A trial court's authority to dismiss for want of prosecution stems from the following two sources: (1) rule 165a of the
Texas Rules of Civil Procedure, and (2) the court's inherent power. Villarreal v. San Antonio Truck & Equip., 994 S.W.2d
628, 630 (Tex. 1999); see Veterans' Land Bd. v. Williams, 543 S.W.2d 89, 90 (Tex. 1976); see also Bevil v. Johnson, 157
Tex. 621, 307 S.W.2d 85, 87 (1957). Under rule 165a, a trial court may dismiss a case on "failure of any party seeking
affirmative relief to appear for any hearing or trial of which the party had notice," Tex. R. Civ. P. 165a(1), or when a case is
"not disposed of within the time standards promulgated by the Supreme Court." Tex. R. Civ. P. 165a(2). In addition, the
common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a
plaintiff fails to prosecute a case with due diligence. Villarreal, 994 S.W.2d at 630. However, a party must be provided
with notice and an opportunity to be heard before a court may dismiss a case for want of prosecution under either rule 165a
or the court's inherent authority. Villarreal, 994 S.W.2d at 630; see also Tex. R. Civ. P. 165a(1). The failure to provide
adequate notice of the trial court's intent to dismiss for want of prosecution requires reversal. Villarreal, 994 S.W.2d at
630.

 Appellants contend the trial court erred in dismissing their case because the court: (1) failed to give them prior notice that
it intended to dismiss the case, and (2) failed to hold a rule 165a dismissal hearing before it dismissed the case. 

 Rule 165a(1) provides:

Failure to Appear. A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to
appear for any hearing or trial of which the party had notice. Notice of the court's intention to dismiss and the date and
place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an
attorney and whose address is shown on the docket or in the papers on file, by posting same in the United States Postal
Service. At the dismissal hearing, the court shall dismiss for want of prosecution unless there is good cause for the case to
be maintained on the docket. If the court determines to maintain the case on the docket, it shall render a pretrial order
assigning a trial date for the case and setting deadlines for the joining of new parties, all discovery, filing of all pleadings,
the making of a response or supplemental responses to discovery and other pretrial matters. The case may be continued
thereafter only for valid and compelling reasons specifically determined by court order. Notice of the signing of the order of
dismissal shall be given as provided in Rule 306a. Failure to mail notices as required by this rule shall not affect any of the
periods mentioned in Rule 306a except as provided in that rule.



Tex. R. Civ. P. 165a. 

 

 It is undisputed that appellants did not receive notice of the trial court's intention to dismiss their case on September 27,
1999. However, for the following reasons we conclude that the trial court strictly adhered to the provisions of rule 165a(1)
and notice was not required for the dismissal on September 27, 1999.

1. Notice of Hearing


 The rule requires that prior to dismissing a case for want of prosecution, notice of the court's intention to dismiss and the
date and place of dismissal hearing must be sent to each attorney of record.

 It is undisputed that on May 14, 1999, the trial court set appellants' case on the dismissal docket and gave notice to the
parties that a dismissal hearing was set for May 26, 1999. 

2. Dismissal Hearing


 The rule provides that at the dismissal hearing, the court shall dismiss the case for want of prosecution unless there is good
cause for it to be maintained on the docket, and if it is determined that the case should be maintained, the court must render
a pretrial order assigning a trial date and set deadlines for pretrial matters.

 On May 26, 1999, the date of the dismissal hearing, appellants filed a motion to retain the case on the docket and requested
that the case be set for a jury trial. At the dismissal hearing, the trial court granted appellants' motion to retain and set the
case for trial on August 30, 1999.

3. Motions for Continuance


 The rule provides that if the case is maintained on the docket, the case may be continued only for valid and compelling
reasons specifically determined by court order.

 On August 11, 1999, the parties filed a joint motion for continuance, and the trial court granted the motion. The August
30, 1999 trial date was reset to September 27, 1999. 

 On September 27, 1999, the trial court called the case for trial. Appellants' counsel was present and again moved for a
continuance. The trial court denied the motion for continuance and told appellants' counsel to be ready to select a jury at
3:30 that afternoon. When appellants' counsel did not appear for jury selection, the trial court dismissed the case for want of
prosecution.

4. Notice of Dismissal Order


 The rule requires that notice of the signing of the dismissal order must be given as provided in rule 306a. The record
reflects that such a notice was faxed to all counsel of record on September 28, 1999, and mailed to all counsel of record on
September 30, 1999.

5. Conclusion


 The record reflects that after setting this case on the dismissal docket, the trial court gave appellants notice that it would
hold a dismissal hearing on May 26, 1999. At the dismissal hearing, appellants were heard and the trial court retained their
case on the docket. 

 Thereafter, the trial court strictly adhered to each provision of rule 165a(1). The trial court assigned the case a trial date,
granted a continuance, and reset the trial date to September 27, 1999. On the date of trial, appellants requested another
continuance, but they stated no reason for their request. Because appellants' failed to state a valid or compelling reason for
the continuance, the trial court denied the motion and ordered the parties to appear for jury selection later that day. When
appellants failed to appear for jury selection, the trial court dismissed their case. 

 Because the trial court strictly adhered to the provisions of rule 165a(1), we hold the trial court did not err in dismissing
appellants' case for want of prosecution on September 27, 1999.

E. Reinstatement


 When a case is dismissed for want of prosecution, "the court shall reinstate the case upon finding, after a hearing, that the
failure of the party or his attorney [to appear] was not intentional or the result of conscious indifference but was due to an
accident or mistake or that the failure has been otherwise reasonably explained." Tex. R. Civ. P. 165a(3). The operative
standard is essentially the same as that for setting aside a default judgment. Smith v. Babcock & Wilcox Const. Co., Inc.,
913 S.W.2d 467, 468 (Tex. 1995). A failure to appear is not intentional or due to conscious indifference within the
meaning of the rule merely because it is deliberate; it must also be without adequate justification. Proof of such
justification - accident, mistake or other reasonable explanation - negates the intent or conscious indifference for which
reinstatement can be denied. Id.; Bank One, Texas, N.A. v. Moody, 830 S.W.2d 81, 84 (Tex. 1992). Also, conscious
indifference means more than mere negligence. Smith, 913 S.W.2d at 468; Ivy v. Carrell, 407 S.W.2d 212, 213 (Tex.
1966).

 Appellants contend that their failure to appear for jury selection on September 27, 1999, was not intentional or the result of
conscious indifference but was due to accident or mistake. They assert that the trial court never informed them to be
prepared to pick a jury at 3:30 p.m. on September 27, 1999, as reflected in the certified reporter's record. (3) 

 However, independent of the reporter's record, appellants produced the affidavit of Derek Michael Harkrider, the attorney
who appeared for trial on behalf of appellants on the morning of September 27, 1999. Harkrider's affidavit states that he
was present when the trial court called the case on September 27, 1999, and denied appellants' motion for continuance. 
According to the affidavit, Harkrider spoke with the trial court coordinator, who told him there were two cases on the jury
docket ahead of appellants' case. Nowhere in his affidavit, however, does Harkrider ever indicate that the trial court, or its
personnel, informed him the trial would not go forward that day. In fact, Harkrider states that prior to returning to Houston,
his boss instructed him to call the trial court coordinator before leaving. He called her on his way to the Harlingen airport
and was told that she would return his call shortly. Because he did not receive a return call, Harkrider called her after
reaching the Harlingen airport. He was told that the court coordinator had gone to lunch. Harkrider does not say whether he
asked any other court personnel about the status of the case. Instead, without any assurance from the trial court that
appellants' case would not be heard on September 27, 1999, Harkrider boarded a plane and returned to Houston. In the
affidavit, Harkrider admits that he relied on the fact that there were two cases ahead of appellants' case on the trial docket
and concluded there was only a small possibility that appellants' case would be reached for trial.

 The record shows that appellants' counsel knew the trial court had denied appellants' motion for continuance. Despite this
knowledge, appellants' counsel consciously chose to return to Houston because he believed appellants' case would not be
reached for trial. We conclude appellants' failure to appear for trial was not due to an accident or mistake.

 We hold the trial court did not err in refusing to reinstate appellants' case on the docket. Appellants' sole point of error is
overruled.

 The trial court's dismissal order is affirmed.



 FEDERICO G. HINOJOSA

 Justice





Opinion delivered and filed this the

28th day of August, 2003.

1. Retired Justice Melchor Chavez, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. At the beginning of their brief, appellants request the reversal of the trial court's orders granting Juan Dominguez's and 
Eli Barreiro's motions for summary judgment and the trial court's order denying appellants' motion for new trial. However,
because appellants failed to raise points of error or assert argument regarding these orders, the issues are waived. San
Jacinto River Auth. v. Duke, 783 S.W.2d 209, 209-10 (Tex. 1990). 

3. Appellants filed a motion in this Court disputing the accuracy of the reporter's record. In accordance with the rules of
appellate procedure, we submitted the dispute to the trial court for resolution. See Tex. R. App. P. 34.6(e)(3). The trial
court held a hearing on the matter on April 20, 2001, and by correspondence dated October 29, 2001, certified to this Court
that the reporter's record was true and correct.