

# NUMBER 13-13-00341-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JOHNNY PARTAIN,**                                         **Appellant,**

**v.**

**CONSTABLE J. E. 'EDDIE' GUERRA,
HIDALGO COUNTY PRECINCT 4 IN HIS
OFFICIAL CAPACITY AND JAMES H.
MAPLES, ET AL.,**                                         **Appellees.**

---

## On appeal from the 332nd District Court
## of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Wittig
### Memorandum Opinion by Justice Wittig[1]

This is an appeal by Johnny Partain, pro se appellant, challenging the district trial court's dismissal of his case for want of prosecution and its failure to hear his motion to reinstate.[2] We will reverse and remand.

---

[1] Retired Fourteenth Court of Appeals Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See* TEX. GOV'T CODE ANN. § 74.003 (West, Westlaw through 2013 3d C.S.).

[2] The appellees in this cause include Constable J. E. "Eddie" Guerra of Hidalgo County, Precinct 4 in his official capacity, James H. Maples, Compass Bank, BBVA USA, Inc., Kathleen Maples, Carlos

# I. BACKGROUND

On April 5, 2012, Partain filed suit seeking injunctive and other relief against James Maples and Constable J. E. "Eddie" Guerra, appellees. The trial court originally granted Partain's temporary restraining order but later denied his request for a temporary injunction and dissolved the restraining order. Thereafter, twelve additional defendants were added, most of whom are also appellees herein. According to Partain, his requested temporary injunction was denied specifically because the trial court relied upon a void final judgment issued on March 16, 2012 by a county court in Hidalgo County. The record indeed reflects that on May 9, 2013, this court ruled that the judgment in question from the County Court at Law No. 7 of Hidalgo County was not valid and the county trial court was without jurisdiction. *Partain v. Maples*, 438 S.W.3d. 69, 73–74 (Tex. App.—Corpus Christi, 2013, no pet.). In our earlier opinion, we noted the history going back to January 1998 when Partain sued Maples, obtained a jury verdict, and a sizeable judgment was entered on February 24, 2002. *Id.* at 70. This judgment was amended and was followed by numerous turnover orders and show cause hearings.

Then, on February 2, 2011, the county court entered an order discharging and releasing Maples and requiring Partain to file an accounting detailing assets collected so that the trial court could consider ordering a refund. *Id.* at 73. This order was appealed, and we abated for a trial court clarification regarding the order. On March 16, 2012, the trial court entered a third amended "judgment," purportedly addressing an overpayment by Maples. *See id.* In the void March 16, 2012 judgment, the county court purported to

Gonzalez, District Judge (Retired), Alex W. Gabert, McAllen Police Department, Justice of the Peace, Homer Jasso, Sr., District Attorney Rene Guerra, County Judge Rodolfo Gonzalez, Hidalgo County Sheriff Guadalupe "Lupe" Trevino, Hidalgo County, Texas, and the City of McAllen.

allow Maples to "recover his condo with a rescission of the turnover order." *Id.* at 74. As noted, we held the county court lacked jurisdiction to enter this judgment. *Id.*

The gravamen of Partain's claims in the present action is that he seeks to prevent an alleged fraud on the court by allowing Maples to take possession of Partain's condo located at 3820 N. 7th Street in McAllen, Texas. He also sought to restrain any constable or sheriff from executing any writs to dispossess Partain of his property.

According to the petition and the record, Maples sold the condo on September 3, 2002 to Partain's company, which in turn deeded the property to Partain. Partain, quoting the district judge in this appeal at the temporary injunction hearing held on April 16, 2013, stated that, notwithstanding, the void judgment from the County Court-at-Law No. 7 "gave the condo to Mr. Maples. That's exactly what he did in this judgment." The trial court went on to observe that, after subtracting the value of the condo and rescinding the turnover order, Maples would be entitled to a judgment. The trial court opined concerning the county court's "judgment:" "It's the judgment of the Court that James Maples recover his condo with a rescission of the turnover order."[3] Partain informed the trial court that he still had time (45 days) to appeal the "judgment." The trial court stated: "And – and if you are going to appeal it, I suggest that you do that."

Partain suggested that the county court lacked jurisdiction, to which the trial court responded: "Then – then the place to attack his jurisdiction is also the Court of Appeals." Partain followed the explicit instructions or suggestions of the district court. The result of that related appeal, as already noted, was our holding the county court judgment was null and void.

---

[3] This is a quotation from the same April 16, 2013 hearing.

## II. STANDARD OF REVIEW

We review a trial court's decision to dismiss a case for want of prosecution under a clear abuse of discretion standard. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997); *State v. Rotello*, 671 S.W.2d 507, 508–09 (Tex. 1984); *Fox v. Wardy*, 234 S.W.3d 30, 32 (Tex. App.—El Paso 2007, pet. dism'd w.o.j.); *Dick Poe Motors, Inc., v. DaimlerChrysler Corp.*, 169 S.W.3d 478, 484 (Tex. App.—El Paso 2005, no pet.); *Garcia v. Barreiro*, 115 S.W.3d 271, 275 (Tex. App.—Corpus Christi, 2003, no pet.). We likewise review a trial court's denial of a motion to reinstate for abuse of discretion. *Aguilar v. 21st Century Res., Inc.*, 349 S.W.3d 32, 35 (Tex. App.—El Paso, 2010, no pet.) (citing *Polk v. Sw. Crossing Homeowners Ass'n*, 165 S.W.3d 89, 96 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)). A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference to any guiding principles. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991).

## III. DISCUSSION

A trial court's authority to dismiss for want of prosecution stems from the following two sources: (1) Rule 165a of the Texas Rules of Civil Procedure; and (2) the court's inherent power. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *see Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex. 1976); *see also Bevil v. Johnson*, 307 S.W.2d 85, 87 (Tex. 1957). Under Rule 165a, a trial court may dismiss a case on "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice," TEX. R. CIV. P. 165a(1), or when a case is "not disposed of within the time standards promulgated by the Supreme Court." *Id.* R. 165a(2). In addition, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute a case with due diligence. *Villarreal*, 994 S.W.2d at 630. However, a party must be provided with notice and an

opportunity to be heard before a court may dismiss a case for want of prosecution under either Rule 165a or the court's inherent authority. *Villarreal*, 994 S.W.2d at 630; *see also* TEX. R. CIV. P. 165a(1). The failure to provide adequate notice of the trial court's intent to dismiss for want of prosecution requires reversal. *Villarreal,* 994 S.W.2d at 630.

First, we note that Partain did appear at the dismissal docket. Accordingly, the first prong of Rule 165a was satisfied and could not be a valid basis for dismissal. At the truncated and summary dismissal hearing, attended only by Partain, the trial court asked, "What have you got?" Partain responded that he filed a motion to retain and that the court of appeals "put out an order voiding the order that this Court was relying on . . . ." After the trial court responded that he had not seen the order, the trial court told Partain to give the order to the coordinator and that he would "take this motion under advisement." The judge then dismissed Partain without hearing any argument or ascertaining whether he had anything further to offer.

A party must be provided with notice and an opportunity to be heard before a trial court may dismiss a case for want of prosecution under either its inherent power or Rule 165a. *See* TEX. R. CIV. P. 165a(1); *Villarreal*, 994 S.W.2d at 630.

The trial court's notice of hearing for dismissal for want of prosecution cites both its inherent power and Rule 165a. Notably, the notice also states: "The court intends to dismiss this case on its dismissal docket set for hearing in open court on the 3rd day of June, 2013, at 9:00 A.M." It further states that failure to appear at the oral hearing will result in dismissal. In his motion to retain, Partain notes that the trial court's notice to dismiss was signed just four days after we issued our opinion on the related void judgment. While the dismissal is technically at the one year guideline, the placement on the dismissal docket is permissive, and subject to retention on the docket for good cause. *See* TEX. R. CIV. P. 165a(1),(2).

The factors that a trial court may consider in dismissing a case under its inherent power include the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay. *Texas Mut. Ins. Co. v. Olivas*, 323 S.W.3d 266, 274 (Tex. App.—El Paso, 2010, no pet.); *Maida v. Fire Ins. Exchange,* 990 S.W.2d 836, 842 (Tex. App.—Fort Worth 1999, no pet.); *King v. Holland,* 884 S.W.2d 231, 237 (Tex.App—Corpus Christi 1994, writ denied). We must look to the record in its entirety. *Bilnoski v. Pizza Inn, Inc.,* 858 S.W.2d 55, 58 (Tex. App.—Houston [14th Dist.] 1993, no writ). The central issue is whether the plaintiff exercised reasonable diligence. *Williams*, 543 S.W.2d at 90.

In his motion to retain, Partain pointed out to the trial court that our opinion in *Partain v. Maples* strongly vindicated his arguments to the court that the defendants' whole defense was based upon a void judgment from County Court-at-Law No. 7. Partain also claimed that the other order from the Justice of the Peace awarding possession of Partain's property to Maples was illegal.[4] Partain further urged that his case be retained on the docket because the district court, in its earlier hearing, "put heavy weight on the Defendants' order from the County Court requiring Johnny Partain to challenge the VOID order in the aforementioned appeals case instead." (Emphasis in the original). Indeed, as we noted, the district court on at least two occasions pointed to the court of appeals as the proper course of relief for Partain. Our opinion was issued on May 8, 2013, just days before the dismissal hearing. In addition to multiple filings by Partain in the district court, the issuance of a temporary restraining order, and a full hearing on the temporary

---

[4] Maples attempted to forcible evict Partain's tenant and obtained a default judgment against the tenant then obtained a writ of possession even though Partain was not even a party to this proceeding. Subsequently, various law enforcement, including an alleged SWAT team, came to Partain's residence seeking his removal, notwithstanding his legal title to the residence.

injunction, we note that the public record shows some sixty "events" in the companion appellate case.

## IV. Conclusion

Considering the entire history of this litigation, the complexity, the brief one-year pendency in the district court, and the prosecution of the underlying and related appeal, we conclude that the record demonstrates extensive activity, reasonable diligence, and viable excuses for delay both as a matter of fact and a matter of law. *See Williams*, 543 S.W.2d at 90; *MacGregor,* 941 S.W.3d 279–30. We sustain Partain's first issue. Because of our disposition, we need not address Partain's second issue. Tex. R. App. P. 47.1. We reverse and remand.


/s/ DON WITTIG
Assigned Justice


Delivered and filed the
2nd day of July, 2015.